Mary G. GLASS, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 86–3339.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 26, 1987.

Decided June 24, 1987.

---

Joseph Kane (argued), Asst. U.S. Atty., Columbus, Ohio, Donna J. Fuchsluger, Office of General Counsel, Dept. of HHS, Baltimore, Md., for defendant-appellee.

Philip Chris Corts (argued), Cincinnati, Ohio, for plaintiff-appellant.

Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.

RYAN, Circuit Judge.

This case involves a challenge to attorney's fees awarded for successful litigation of a social security case. We are called upon to decide whether the district court abused its discretion in limiting counsel's application for fees to an amount well below twenty-five percent of the claimant's award, which is the statutory ceiling for such fees under 42 U.S.C. § 406(b)(1). Because the district court did not exercise its discretion in the instant case, we cannot decide this issue. Therefore, we must remand the case for further proceedings.

The pertinent facts are few and largely uncontested. Following a favorable decision in which the claimant was awarded benefits, counsel identified forty-four hours spent working on the case and requested a fee of $6,029.80, which represented twenty-five percent of the award. Using a form-type opinion, the text of which has been employed in other cases, and in which only one change was made for this case—to reflect the amount requested in this case—the district court found that ordinarily social security cases require twenty to thirty hours of attorney work for which $100.00 per hour is a reasonable rate. The court rejected counsel's request and, instead, awarded $3,000.00.

We find no basis to fault the learned judge's articulation of a general rule to guide his *analysis* in awarding attorney's fees. Indeed, the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most such cases, and $100.00 per hour may well be a reasonable rate of compensation. The relevant question, however, is not what is required in *most* social security cases, but what did *this* case require.

Congress set forth the guidelines for awarding attorney's fees in social security

cases in 42 U.S.C. § 406(b)(1), which provides:

"Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 250(i), certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."

By limiting attorney's fees to twenty-five percent of the claimant's award, Congress intended to prevent the recovery of "inordinately large fees." *Sims v. Gardner,* 378 F.2d 70, 72 (6th Cir.1967) (quoting 1965 U.S.Code Cong. & Admin. News 2062, 89th Cong., 1st Sess.). In this circuit, it is beyond dispute that the district court is required to exercise its discretion in awarding a reasonable fee.

Quite aside from the more important consideration that a boiler-plate formula for fixing attorney's fees in these cases does not comply with our requirement for individualized discretion, from an appellate standpoint, the problem with cases in which the district court has failed to exercise its discretion is that we are unable to do our duty to conduct "meaningful review" of the record. *Bailey v. Heckler,* 777 F.2d 1167, 1171 (6th Cir.1985). In *Bailey,* we emphasized that in every case the district court is obligated "to articulate on the record findings of fact or conclusions of law explaining the court's reasoning and calculations performed to arrive at the fee award." *Id.* We have expressed our disfavor with routine approval of requests for the statutory ceiling, because such approval does not consider the circumstances surrounding an individual case. *Webb v. Richardson,* 472 F.2d 529, 536 (6th Cir.1972). We find routine disapproval similarly unac-

ceptable. *In re Horenstein,* 810 F.2d 73 (6th Cir.1986).

Fee shifting statutes are intended to encourage competent counsel to accept cases which perhaps otherwise they would not. By assuring the recovery of a reasonable fee, § 406(b)(1) helps to accomplish this result. When an attorney agrees to represent a social security claimant, he obligates himself to perform to the best of his ability. The case in question may be particularly difficult or inordinately easy; the issues may be complex or simple; and the attorney will be experienced or inexperienced, skilled or unskilled. Calculating a fee award that accounts for these factors will achieve the statutory goal of enabling social security claimants to obtain legal assistance by ensuring "reasonable" compensation for attorneys.

▮ In a very recent decision, we recognized that the rate-times-hours method of calculation, also known as the "lodestar" approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee. *Coulter v. State of Tennessee,* 805 F.2d 146, 149 (6th Cir.1986). *Accord Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. ——, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). For the simple reason that every case is not the same, this method must be utilized in each case that comes before the court. Had Congress intended to authorize a specific average fee, applicable in every case, as a reasonable fee in social security cases, we have no doubt it would have said so. Instead, Congress statutorily assured attorneys of a "reasonable fee." In so doing, it necessarily also assured them that district courts would exercise their discretion in calculating a reasonable rate of compensation.

▮ This is not to say, having set the rate of compensation based upon the relevant factors, that the district court must blindly accept counsel's assertion that a certain number of hours were spent working on a particular case. "Hours may be cut for duplication, padding or frivolous claims." *Northcross v. Board of Edu-*

*cation of Memphis City Schools,* 611 F.2d 624, 636 (6th Cir.1980). However, if the district court rejects counsel's tabulation, it must identify the hours rejected and specify with particularity the reasons for their rejection. To fulfill its obligations under § 406(b)(1), the district court must not only articulate findings of fact and conclusions of law regarding the *inclusion* of hours amounting to the fee awarded, but those regarding the *exclusion* of hours as well.

An evidentiary hearing will not always be necessary. Unless the Secretary contests counsel's factual assertions, the record, papers filed with the court, and the judge's experience with the case in question should provide an excellent indication of the time spent. Nor is it necessary that the judge awarding the attorney's fee be the same judge who heard the case. So long as individual characteristics, including, but not limited to, the complexity of the case or the novelty of the issues, are considered, we are satisfied that the court has fulfilled its statutory duty in awarding a reasonable fee.

We appreciate the burden that social security cases impose upon the district courts. We share this burden. However, it is our considered opinion that sufficient explanation by the court of its reasoning and calculations will provide a record conducive to meaningful review and thereby reduce the expenditure of judicial resources incurred when we are unable to address the issues presented. Therefore, we must insist that the district courts exercise their discretion in individual cases in awarding attorney's fees.

The judgment of the district court is vacated, and the case remanded for proceedings not inconsistent with this opinion.