833 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene BRADFORD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-3768.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1987.
 
 Before MERRITT, KRUPANSKY, and ALAN E. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eugene Bradford (plaintiff) had filed a claim for disability benefits on February 11, 1983. This claim was initially denied at the administrative level, and plaintiff sought a de novo review of his claim before an administrative law judge (ALJ). After conducting a hearing and reviewing the testimony submitted, the ALJ also denied the application. The Appeals Council adopted the ALJ's report as its own and denied the plaintiff's request for further review of his application. Plaintiff then filed this action in federal court challenging the findings of the ALJ.
 
 
 2
 The case was referred to a Magistrate, who recommended in his report of August 21, 1985 that the Secretary's decision be reversed and that the plaintiff be awarded benefits. The District Court adopted the findings and recommendations of the Magistrate, and entered an order on October 1, 1985 reversing the decision of the Appeals Council. On December 11, 1985, plaintiff filed a request for an factual conclusions and legal standards involved in reaching its decision to deny plaintiff's request. Thus, "this court is not in a position to determine whether the district court committed an abuse of discretion without adequate findings in the record explaining the court's actions and articulating the basis for its calculations." Bailey v. Heckler, 777 F.2d 1167, 1170 (6th Cir.1985); accord Glass v. Secretary of Health & Human Serv., 822 F.2d 19, 21 (6th Cir.1987); cf. In re Hornstein, 810 F.2d 73, 75 (6th Cir.1986). This case therefore must be remanded so that the District Court can provide an adequate record of "its reasoning and calculations [so as to] provide a record conducive to meaningful review." Glass, 822 F.2d at 21.
 
 
 3
 One additional matter requires this court's attention. Several days before oral argument was scheduled in this case, counsel for the Secretary of Health and Human Services filed a motion with this court to dismiss the appeal for lack of jurisdiction. The Secretary argued that the plaintiff had failed to file a request for attorney's fees within thirty days of the final judgment, as required under 28 U.S.C.A. Sec. 2412(d)(1)(B), and that this filing period constituted a jurisdictional limitation on the court. See, e.g., Allen v. Secretary of Health and Human Serv., 781 F.2d 92, 94-95 (6th Cir.1986); cf. Garrett v. United States, 640 F.2d 24, 26 (6th Cir.1983).
 
 
 4
 The Secretary's eleventh hour motion left counsel for plaintiff with less than one day to research this issue. Plaintiff did manage to present a short brief in opposition to the Secretary's motion to dismiss, and at oral argument plaintiff advanced a number of factual and legal arguments as to why the thirty day filing period did not present a jurisdictional bar under the particular circumstances. Because of the sparse factual record presented in this case, this court finds that it would be inappropriate to resolve the issue at this time, and instead remands it for initial consideration before the District Court.