**Gary WIEGAND, SSN: 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, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. C-1-84-1509.**

United States District Court, S.D. Ohio.

April 18, 1989.

John Cervay, Dayton, Ohio, for plaintiff.

Joseph Kane, Columbus, Ohio, for defendant.

ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court following determination by the United States Court of Appeals for the Sixth Circuit sitting *en banc* in *Rodriquez v. Secretary* and *Hubbs v. Secretary*, 865 F.2d 739 (6th Cir.1989). An Order of this Court dated July 13, 1988, (doc. no. 27), had held this matter in abeyance until such decision was reached.

*Rodriquez* teaches that 25% of the past due benefits is a bench mark, but not *per se* reasonable (Supra at 746). The Court should then look to whether a fee agreement existed. While the Court is not bound to accept such agreement unequivocally, it "should be given the weight ordinarily accorded a rebuttable presumption." (Supra at 746).

Deductions from the terms of such agreement should either be those [1] "occasioned by improper conduct or ineffectiveness of counsel or [2] situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." (Supra at 746).

*Rodriquez* admonishes District Courts "[to] only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his clients."

It is with these principles that the matter at hand must be examined. This case is an almost textbook example of the continuing differences between that section of the Bar that handles social security appeals and the United States Court of Appeals for the Sixth Circuit.

Even after *Rodriquez* there appears to be a belief by that group of an automatic entitlement to 25% of the past due benefits

in every case. This Court is sympathetic to that position. Contingent fees are neither meretricious nor unethical. The concept has a long and honorable history in support. A contingent fee of 25% is not per se excessive nor does it represent an inordinate percentage of compensation. The *Rodriquez* court, however, has not unequivocally accepted this position and has enjoined upon the district court a fee review obligation.

The fee requested herein has aspects of a "windfall". The total number of hours is over double the usual number of hours required for such a case and the rate charged per hour is at least unusual. Counsel seeks $14,803.00 for 87.75 hours work which amounts to a charge per hour of $168.69. The only logical conclusion in considering this application is that counsel seeks 25% of the benefits recovered and has simply presented numbers that reach such a result. The Court must therefore examine in detail both the items charged and the appropriateness of an hourly fee of $168.69.

A detailed analysis of the itemized Application for Fees (doc. no. 20) indicates the following:

### A. Time Charged

There are a total of 182 entries extending from 1983 to 1988. Nineteen of such entries, totaling nine hours, include the phrase "typed dictation." Since counsel has likewise charged for items of "dictation", this appears to be a charge for secretarial services which are part of the operating overhead of any law office. A charge of $1,518.21 for nine hours of secretarial time seems somewhat less than appropriate. It is disallowed in full.

Fifty-nine entries, totaling 22.25 hours, deal only with communication with the client. Six interviews for eight hours, 42 telephone calls from the client for 11 hours, and 11 letters for three hours and fifteen minutes. These figures do not include calls by counsel to the claimant or calls to any other person. It is not possible to determine whether any of these calls from the client contained information useful to the prosecution of this matter or were calls merely for reassurance. Included in these charges is one on November 7, 1983, "from client's friend" which whether solicited or not by the plaintiff will cost him $42.18. Twenty-two and one quarter hours devoted to communication alone likewise appears to this Court to be excessive, but beyond its ability to reduce.

There are 28 items, totaling 15 hours, wherein the word "review" appears. Seven items for two hours and fifteen minutes were for "review of hospital records" beginning August 2, 1983, and ending October 26, 1986. "Review of medical evidence" began April 15, 1983, and continued until November 4, 1986. Items such as this raise unanswerable questions. Were, in fact, such reviews carried out? Were such reviews necessary? There is no practical way to verify these items.

The only other method available is a comparison of time spent in other social security cases. The Honorable John Weld Peck, writing for the majority in *Rodriquez,* referred to a survey conducted by this Court of time spent in 70 social security appeals (Supra at 747 n. 4). The average number of hours in such cases was 37.3. This statistical approach has been previously rejected by the United States Court of Appeals for the Sixth Circuit.[1]

Lacking a means to verify time spent, or to determine a necessity for the time spent, and barred from comparing the time spent to a statistical sample, this Court has exhausted the known methods for complying with the obligation imposed. In view of the obvious intent of counsel to present a fee application that will equal 25% of the past due benefits, the Court finds that these charges are excessive. Constrained by the reviewing limitations imposed by the United States Court of Appeals for the Sixth Circuit, no additional reduction of time can be made. The Court is reminded of a comment of the late Justice Potter

---

1. *Glass v. Secretary,* 822 F.2d 19 (6th Cir.1987) "The relevant question, however, is not what is required in *most* social security cases but what did *this* case require" (emphasis not added). Supra at 20.

Stewart [2] and paraphrases his observation in the following fashion: "I cannot define excessive time in a lawyer's application for fees, but I will recognize it when I see it."

## B. Hourly Rate

The hourly rate of $168.69 is substantially beyond rates customarily charged in social security matters.[3] Indeed, as the United States points out in its Memorandum Contra (doc. no. 22, p. 5), "Defendant also concedes and notes that this law firm usually requests a fee that is quite a bit less than the maximum available of 25% of back benefits." The Court determines that a reasonable hourly rate for activities in a social security matter is $125.00 per hour. No distinction between times spent in preparation for and court appearances and time spent in such ministerial activities as dictation to the file and communication with client has been made.[4]

The allowance of such fee for all matters is in keeping with Defendant's concession that "Plaintiff's counsel is clearly entitled to a substantial fee for the professional services provided in this case and it may be conceded that two administrative hearings and two arguments to the Magistrate that the services go beyond those required in the typical social security disability appeal through the District Court." (Defendant's Memorandum, p. 4, doc. no. 22).

In view of the foregoing, the Court determines that Plaintiff's request for attorney fees seeks a "windfall" and that Plaintiff's counsel should be compensated at the rate of $125.00 per hour for 76.75 hours, for a total compensation of $9,593.75.

The Court makes such award with reluctance and does so only to comply with the holding in *Glass* that the Court may not apply its own experience in dealing with a large number of such social security fee requests and that statistical information obtained therefrom. For the assistance of an appellate court there is attached hereto the survey referred to by Judge Peck in the *Rodriquez* opinion.

IT IS SO ORDERED.

## ATTACHMENT A

The attached survey was made in 1987 of 405 Social Security Appeals where some action was taken by the United States District Court. In 70 of those cases, the Secretary of Health and Human Services was reversed and past due benefits were awarded. Attorney fees were requested pursuant to 42 U.S.C. § 406(b)(1). In 42 of such cases (60%) precisely 25% of the past due benefits was requested. In 11 cases (16%) more than 25% was requested and in 14 cases (20%) less than 25% was requested. In the three remaining cases the percentage was not determinable. Typically, the award sought described as "representing 25% of the benefits due to plaintiff" or as "equaling the amount withheld by the Secretary for Attorney fees". An average of the fee requests in the 70 cases indicates that 23.8% of the total past due benefits were sought as attorney fees.

Hourly rates ranged from a low of $14.31 to a high of $357.13. In only one instance (*Yates v. Heckler*, 84–672) was a round figure ($100 per hour) charged. The average charge amounted to $103.35 per hour.

Hours asserted ranged from 14.75 in *Jeffries v. Heckler*, (83–1300) where $3,786 was requested, to 76.10 hours in *Cooperwood v. Schweiker*, (82–1426) where $1,088.77 was sought. The average claimed hours amounted to 37.30.

---

**2.** *Jacobellis v. Ohio*, 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793 (1964).

**3.** See Attachment A

**4.** Of the 87.75 hours listed in the fee application only 8.50 hours involved any trial appearances.

| CASE NUMBER | Year Closed | NAME | TOTAL PAST-DUE BENEFITS AWARDED $ | FEES SOUGHT UNDER 42 U.S.C. § 406(b)(1) $ | NUMBER OF HOURS ASSERTED | FEES SOUGHT AS PERCENTAGE OF TOTAL PAST-DUE BENEFITS AWARDED % | COST PER ATTORNEY HOUR $ |
|---|---|---|---|---|---|---|---|
| C-1-80-498 | (82) | Weems v. Harris | 12,904.00 | 3,222.60 | 63.75 | 25 | 50.55 |
| C-1-80-699 | (82) | Womack v. Harris | — | — | 62.00 | 25 | — |
| C-1-81-501 | (82) | Smallwood v. Schweiker | 9,765.80 | 2,441.45 | 24.25 | 25 | 100.68 |
| C-1-81-598 | (82) | Wilham v. Schweiker | 17,390.50 | 4,347.62 | 37.25 | 25 | 116.71 |
| C-1-81-570 | (84) | Daniel v. Schweiker | 27,349.50 | 6,837.37 | 41.75 | 25 | 163.77 |
| C-1-81-602 | (82) | Canady v. Schweiker | 71,619.00 | 7,441.00 | — | 10 | — |
| C-1-81-688 | (83) | Alsip v. Schweiker | 17,154.30 | 4,288.57 | 26.00 | 25 | 164.95 |
| C-1-81-589 | (83) | Hope v. Schweiker | — | 3,315.00 | 58.25 | — | 56.91 |
| C-1-81-864 | (84) | Barnett v. Bowen | 10,260.46 | 4,000.00 | 34.00 | 39 | 117.65 |
| C-1-81-918 | (83) | Miller v. Schweiker | 16,331.50 | 5,082.50 | — | 31* | — |
| C-1-81-973 | (83) | McKenzie v. Heckler | ** | 8,264.07 | 70.50 | 25 | 117.22 |
| C-1-81-989 | (83) | Veach v. Heckler | 37,663.71 | 11,695.89 | 32.75 | 31* | 357.13 |
| C-1-82-1426 | (84) | Cooperwood v. Schweiker | 4,355.10 | 1,088.77 | 76.10 | 25 | 14.31 |
| C-1-82-1598 | (85) | Kincaid v. Schweiker | 5,408.00 | 1,352.00 | — | 25 | — |
| C-1-83-002 | (84) | Leis v. Bowen | 56,057.08 | 5,000.00 | 49.00 | 9 | 102.04 |
| C-1-83-75 | (84) | Taylor v. Heckler | 11,555.40 | 2,888.85 | 32.00 | 25 | 90.28 |
| C-1-83-282 | (85) | Ertel v. Heckler | 15,042.00 | 3,864.20 | 51.00 | 26 | 75.77 |
| C-1-83-355 | (85) | Sanders v. Heckler | 8,199.60** | 2,049.90 | — | 25 | — |
| C-1-83-444 | (85) | Kiser v. Heckler | 5,471.68** | 1,367.92 | 39.00 | 25 | 35.07 |
| C-1-83-445 | (84) | Becker v Heckler | 25,620.60 | 1,325.00 | — | 5 | — |
| C-1-83-624 | (85) | Bernecker v. Bowen | 17,289.60 | 5,443.20 | — | 31* | — |
| C-1-83-682 | (85) | Fletcher v. Heckler | 20,532.00 | 4,000.00 | — | 19 | — |
| C-1-83-690 | (84) | Pleak v. Heckler | 8,074.00 | 2,393.00 | — | 30* | — |
| C-1-83-858 | (85) | Evans v. Heckler | 9,338.90 | 2,334.72 | 25.25 | 25 | 92.46 |
| C-1-83-860 | (85) | Adams v. Bowen | 8,449.50 | 2,089.75 | 31.70 | 25 | 65.92 |
| C-1-83-947 | (84) | Kinner v. Heckler | 22,054.80 | 3,500.00 | 22.00 | 16 | 159.09 |
| C-1-83-1028 | (84) | Beagle v. Secretary | 6,926.40 | 1,731.60 | 18.75 | 25 | 92.35 |
| C-1-83-1267 | (85) | Ward v. Heckler | 5,050.00 | 1,381.70 | — | 27* | — |
| C-1-83-1271 | (85) | Caplinger v. Heckler | 3,965.40 | 991.40 | 26.00 | 25 | 38.13 |
| C-1-83-1291 | (85) | Lawson v. Heckler | 8,216.00 | 2,126.00 | — | 26* | — |
| C-1-83-1300 | (84) | Jeffries v. Heckler | 15,144.00 | 3,786.00 | 14.75 | 25 | 256.68 |
| C-1-83-1313 | (85) | Verkamp v. Heckler | 8,672.00 | 2,168.00 | — | 25 | — |
| C-1-83-1597 | (83) | Howarton v. Heckler | 7,005.00** | 3,045.00 | 41.00 | 43 | 74.27 |
| C-1-83-1641 | (84) | Hiles v. Bowen | 79,442.80 | 10,878.00 | 64.25 | 14 | 169.31 |
| C-1-84-062 | (85) | Capaldo v. Heckler | 12,686.00 | 3,171.50 | — | 25 | — |
| C-1-84-131 | (85) | Little v. Heckler | 17,646.80** | 4,411.70 | 42.50 | 25 | 103.80 |
| C-1-84-215 | (85) | Noble v. Heckler | 16,000.00** | 4,000.00 | 32.75 | 25 | 122.14 |
| C-1-84-270 | (85) | Anderson v. Heckler | 10,660.00** | 2,665.00 | 42.50 | 25 | 62.71 |
| C-1-84-410 | (85) | Smith v. Heckler | 14,002.63 | 4,515.87 | 24.25 | 32* | 186.22 |
| C-1-84-530 | (85) | Wilson v. Heckler | 7,190.68** | 1,797.67 | — | 25 | — |
| C-1-84-604 | (85) | Harris v. Heckler | 9,132.00 | 2,283.00 | — | 25 | — |
| C-1-84-672 | (85) | Yates v. Heckler | 19,533.13 | 3,075.00 | 30.75 | 16 | 100.00 |
| C-1-84-738 | (85) | Hines v. Heckler | 11,241.10 | 2,810.57 | 32.50 | 25 | 86.48 |
| C-1-84-739 | (85) | Blake v. Heckler | 14,796.90 | 3,271.50 | — | 22 | — |
| C-1-84-802 | (85) | Gump v. Heckler | 7,716.00** | 1,929.11 | — | 25 | — |
| C-1-84-861 | (85) | Fugate v. Bowen | 22,824.00 | 3,000.00 | — | 13 | — |
| C-1-84-1355 | (85) | Nunley v. Bowen | 22,259.80** | 2,000.00 | — | 9 | — |
| C-1-84-1386 | (85) | Long v. Bowen | — | 4,163.12 | — | — | — |
| C-1-84-1407 | (85) | Studer v. Heckler | 24,380.40 | 6,095.10 | 72.00 | 25 | 84.65 |
| C-1-84-1481 | (85) | Roberts v. Bowen | 19,674.00 | 3,000.00 | — | 15 | — |
| C-1-84-1732 | (85) | Kaltenbach v. Bowen | 10,329.00 | 2,582.25 | 67.75 | 25 | 38.11 |
| C-1-84-1849 | (85) | Wigal v. Bowen | 6,200.00 | 1,550.00 | 42.75 | 25 | 36.26 |
| C-1-84-1862 | (85) | Behymer v. Heckler | 13,618.00 | 2,806.87 | — | 21* | — |
| C-1-84-1902 | (85) | Lanham v. Bowen | 12,568.00** | 3,142.00 | 26.00 | 25 | 120.85 |
| C-1-85-007 | (85) | Miller v. Bowen | 25,392.00** | 6,333.00 | 65.75 | 25 | 96.32 |
| C-1-85-050 | (85) | Prather v. Bowen | 15,808.00 | 2,000.00 | — | 13 | — |
| C-1-85-122 | (85) | Wallingford v. Heckler | 12,661.00 | 3,165.25 | — | 25 | — |
| C-1-85-183 | (85) | Patrick v. Heckler | 14,866.00 | 3,716.50 | — | 25 | — |
| C-1-85-474 | (85) | Robinson v. Heckler | 13,588.00 | 3,397.00 | — | 25 | — |
| C-1-85-696 | (85) | Passmore v. Heckler | 10,356.00 | 2,589.00 | 25.25 | 25 | 102.53 |
| C-1-85-761 | (85) | Miller v. Bowen | 10,809.08** | 2,702.27 | 28.50 | 25 | 94.82 |
| C-1-85-777 | (85) | Howard v. Bowen | 7,996.00** | 1,999.00 | — | 25 | 117.59 |
| C-1-85-887 | (86) | Chitwood v. Bowen | 5,791.00** | 1,477.75 | — | 25 | — |
| C-1-85-1110 | (86) | Ellis v. Heckler | 4,305.00 | 1,380.00 | 40.25 | 32 | 34.29 |
| C-1-85-1157 | (86) | McElfresh v. Bowen | 5,467.00 | 1,366.75 | 31.59 | 25 | 43.27 |
| C-1-85-1228 | (86) | Myrick v. Bowen | 5,420.00 | 1,355.00 | 16.50 | 25 | 82.12 |
| C-1-85-1234 | (86) | Current v. Bowen | 17,723.00 | 3,000.00 | 24.75 | 17 | 121.21 |
| C-1-85-1390 | (86) | Toadvine v. Bowen | — | "a reasonable fee" | 30.40 | — | — |
| C-1-85-1790 | (86) | Singleton v. Bowen | 11,799.00 | 2,949.75 | 31.75 | 25 | 92.91 |
| C-1-86-148 | (86) | Wholberry v. Bowen | 5,851.71 | 1,462.93 | — | 25 | — |
| AVERAGE | | | | | 37.30 | | 103.35 |

\* Error in amount held by S.S.A. Attorney asked for exact amount withheld.

\*\* Calculated by MKL. Counsel's petition states either that the amount prayed for "represents 25% of total past-due benefits" or that it "equals amount withheld by the Secretary." S.S.A. paperwork not in record.