900 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary WIEGAND, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of the Department of
Health and Human Services, Defendant-Appellee.
 No. 89-3572.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal by attorney John A. Cervay (Cervay) from the district court's order reducing attorney fees claimed after Cervay successfully represented a claimant, Gary Wiegand (Wiegand), in a social security disability benefits case. Wiegand had retained Cervay's services pursuant to a twenty-five percent contingent fee contract. The past-due benefits awarded to Wiegand and his dependants amounted to $59,827.80 and Cervay requested a fee of $14,803.95 which was supported by time records indicating 87.75 hours of legal services performed at $168.69 per hour. The district court initially disallowed $1,518.21 attributable to 9 hours of dictation, typing and other incidental secretarial services which the court characterized as "secretarial services which are part of the operating overhead of any law office." Wiegand v. Secretary of Health and Human Services, 710 F.Supp. 1153, 1154 (S.D.Ohio 1989). The district court, without filing proper findings of fact or conclusions of law, generalized in a conclusory manner that the fee requested by Cervay constituted a "windfall" in that the computed hourly rate of $168.69 was excessive, because "a reasonable hourly rate for activities in a social security matter is $125.00 per hour." Wiegand, 710 F.Supp. at 1155. The district court consequently awarded Cervay $9,593.75.
 
 
 2
 In Rodriquez v. Bowen, 865 F.2d 739 (6th Cir.1989) (en banc), this court concluded that if an attorney and his client have entered into a contingent fee contract which provided that the "attorney will be paid twenty-five percent of the benefits awarded, it should be given weight ordinarily accorded a rebuttable presumption." Id. at 746-47. If the district court "chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore." Id.
 
 
 3
 Deductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.
 
 
 4
 Rodriquez, 865 F.2d at 746.
 
 
 5
 Commenting upon the "windfall" character of the proposed fee, the court stated that "[w]here a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate." Id. at 747.
 
 
 6
 In the instant case, this court initially affirms the district court's reduction of the proposed fee by $1,518.21 as overhead already included in the chargeable hourly rate.
 
 
 7
 The district court, however, also concluded that Cervay's submitted fee request amounted to a "windfall," in that the $168.69 computed hourly rate was excessive. Although Cervay did not bill at an hourly rate, the district court computed his hourly rate by dividing the hours worked into the amount of the requested fee, resulting in an hourly wage of $168.69. Without applying the standards set forth in Rodriquez, the district court determined that the $168.69 hourly rate constituted a "windfall" because "a reasonable hourly rate for activities in a social security matter is $125.00 per hour." Wiegand, 710 F.Supp. at 1155. This statement is contrary to Rodriquez in that it states that attorney fees in all social security cases are to be $125 per hour and any charge over that amount constitutes an impermissible "windfall." A high hourly rate does not automatically translate into a "windfall" under the dictates of Rodriquez. See Royzer v. Secretary of Health and Human Services, No. 89-1631 Slip op. (6th Cir. April 16, 1990). Rather, a computed hourly rate derived from a contingent fee agreement is only one of the many factors which may be used by the district court in assessing the reasonableness of the attorney fee request.
 
 
 8
 Upon review of Cervay's submitted fee for services rendered, this court concludes that, pursuant to the dictates of Rodriquez and Royzer, an hourly rate of $168.00 per hour does not automatically constitute a "windfall" absent factual findings to the contrary. The record discloses that Cervay represented Wiegand through the Secretary's administrative procedures and successfully pursued a protracted and complicated case twice to the district court resulting in a successful conclusion. Accordingly, the decision of the district court is REVERSED and Cervay is hereby awarded attorney fees in the amount of $13,285.74 ($14,803.95 less $1,518.21 properly deducted by the district court).
 
 
 
 *
 The Honorable Ann Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation