9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Neal W. ROLAND, Plaintiff-Appellant,
v.
Perry JOHNSON, Thomas Phillips, Dale Foltz, and Bernie
Toland, Defendants-Appellees.
 No. 92-1559.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff in this case, Neal W. Roland, was the prevailing party in a hotly contested civil rights action. In Roland v. Johnson, No. 91-1460 (6th Cir. September 4, 1992) (unpublished), we affirmed an order awarding Mr. Roland approximately $150,000 in attorney fees. That award covered services provided through February of 1990.
 
 
 2
 In August of 1991 Mr. Roland submitted a supplemental fee application to the district court. Claiming that his lawyers had devoted an additional 488.7 hours to the case since February of the preceding year--a claim that was documented in appropriate detail--Mr. Roland requested additional fees of $66,037.50. He also sought $4,785.31 in additional expenses.
 
 
 3
 Disposing of the application without a hearing, the district court awarded the full $4,785.31 requested for expenses. The court concluded that the time spent by the plaintiff's lawyers was excessive, however, and allowed only 188 hours. Compensation was awarded for the 188 hours at the same hourly rates approved earlier, except that the rate for the lead attorney was increased (by 15 percent) to $115 per hour. The total amount of the supplemental fee award was $19,850.
 
 
 4
 Mr. Roland has appealed the supplemental award. He contends that the district court abused its discretion in declining to hold a hearing on the matter, in establishing hourly rates that were unreasonably low, and in disallowing more than 300 of the hours claimed.
 
 
 5
 We cannot say that the court abused its discretion in fixing the compensation of the lead attorney at $115 per hour or in adhering to the same hourly rates previously accepted for the plaintiff's other attorneys. It is doubtless true, as was stated at oral argument, that the firm with which these attorneys are associated has higher overhead costs than do other practitioners. As noted in the opinion we issued last year, however, the burden of the plaintiff's fees falls on the shoulders of the taxpayers. The taxpayers should not be asked to pay hourly rates exceeding those at which adequate representation could be obtained from lawyers--including lawyers with lower overhead--within the relevant community. We did not abdicate our reviewing responsibilities in accepting the trial court's hourly rate determinations last year, and the logic of last year's opinion compels the conclusion that we should refrain from second-guessing the somewhat more generous set of rate determinations at issue now.
 
 
 6
 The district court said that it was "frankly shocked" by the number of attorney hours spent on the matters to which the supplemental fee request pertained. It is clear that properly documented hours may be disallowed insofar as they are found to be excessive, but it is equally clear that "if the district court rejects counsel's tabulation, it must identify the hours rejected and specify with particularity the reasons for their rejection." Glass v. Secretary of Health and Human Services, 822 F.2d 19, 22 (6th Cir.1987). The court "must not only articulate findings of fact and conclusions of law regarding the inclusion of hours amounting to the fee awarded, but those regarding the exclusion of hours as well." Id. (emphasis in original.) See also Coulter v. Tenn., 805 F.2d 146 (6th Cir.1986), cert. denied, 482 U.S. 914 (1987), and Northcross v. Brd. of Educ., 611 F.2d 624 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980).
 
 
 7
 These requirements have not been met here. We cannot tell, from the materials before us, which particular hours were allowed by the district court and which were disallowed. The lack of specificity renders this award, like the award in Northcross, "virtually unreviewable." 611 F.2d at 637.
 
 
 8
 Proper completion of the task confronting the district court will be facilitated, we believe, if the court gives counsel for Mr. Roland an opportunity to explain the fee request at an oral hearing. The decision as to whether such a hearing should be held lies within the sound discretion of the district court, but given the history of this case to date we believe that a hearing would be helpful to all concerned.
 
 
 9
 The order appealed from is AFFIRMED in part and REVERSED in part, and the matter is REMANDED for further proceedings not inconsistent with this opinion.