Richard C. **EAMES**, Plaintiff–Appellant,

v.

Otis R. **BOWEN**, Secretary of the Department of Health and Human Services, Defendant–Appellee.

No. 390, Docket 88–6155.

United States Court of Appeals, Second Circuit.

Argued Nov. 7, 1988.

Decided Dec. 5, 1988.

Anne M. Braddock, Southern Tier Legal Services, Bath, N.Y. (Gerald A. McIntyre, Bath, N.Y., of counsel), for plaintiff-appellant.

Joseph M. Guerra, III, Asst. U.S. Atty., W.D.N.Y., Buffalo, N.Y. (Dennis C. Vacco,

U.S. Atty., Buffalo, N.Y., of counsel), for defendant-appellee.

Before VAN GRAAFEILAND, ALTIMARI, Circuit Judges, and MUKASEY, District Judge.[*]

PER CURIAM:

Richard Eames appeals from an order of the United States District Court for the Western District of New York (Elfvin, J.) denying his motion for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Eames made this motion after successfully seeking reversal of a decision of the Secretary of Health and Human Services denying his claim for Supplemental Security Income (SSI) benefits.

Eames commenced this action against the Secretary after an Administrative Law Judge of the Social Security Administration denied his application for SSI benefits. The district court denied the Secretary's motion for summary judgment and remanded to the Secretary for further proceedings. The ALJ again recommended denial of benefits, but the Appeals Council of the Social Security Administration again remanded the case to the ALJ. The ALJ recommended denial of benefits a third time, and the Appeals Council adopted the recommendation. The district court reopened the case, reversed the decision of the ALJ, and remanded only for the calculation of SSI benefits. The Secretary did not appeal.

The EAJA provides that when a party prevails in a civil action (other than a tort action) against the United States, the court "shall award" attorney fees to the prevailing party "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The burden is on the Government to show that its position was substantially justified. *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir.1988); *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983). "[T]he strong deterrents to contesting Government action require that the burden of proof rest with the Government." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4989. Moreover, "where a party has had to engage in lengthy administrative proceedings before final vindication of his or her rights in the courts, the government should have to make a strong showing to demonstrate that its action was reasonable." *Id.* at 4997.

Eames contends that the district court erred by placing the burden of proof on him rather than on the Government. The district court wrote, "In order for the plaintiff to prevail under the EAJA, he must show that the government's position was without substantial justification." Counsel for both parties represented at oral argument that there was no discussion of the burden of proof by the parties or the court below during the pendency of the fee motion. The quoted portion of the district court opinion may have been an inadvertent mistake of phrasing rather than a conscious error of law. However, there being nothing in the record aside from these words to guide us, we have no choice but to remand this case for reconsideration with the burden of proof placed upon the Government.

In opposing Eames' appeal, the Government argues that Eames is precluded from obtaining attorney fees for time expended prior to the district court's initial remand order because Eames did not specify in his fee application which positions taken by the Government were unjustified. The Government supports its argument in part by the district court order which only addresses the position of the Government following its initial remand. On reconsideration of Eames' fee application the district court should clarify whether it is limiting Eames' fee application to the period following remand and, if so, the reason for such limitation.

---

* Honorable Michael B. Mukasey, District Judge of the United States District Court for the South-ern District of New York, sitting by designation.