**Josephine RIZZO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES OF the UNITED STATES of America, Defendant.**

**No. CIV–84–388E.**

United States District Court,
W.D. New York.

Feb. 16, 1989.

Douglas F. Godhino, Hamburg, N.Y., for plaintiff.

Donald P. Simet, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Before this Court is the question whether the abovenamed plaintiff is entitled to widow's disability benefits under the Social Security Act. *See* 42 U.S.C. § 402(e). The same question has already been considered twice by both the defendant ("the Secretary") and United States Magistrate Edmund F. Maxwell. The Magistrate issued a Report and Recommendation May 21, 1985 recommending that the Secretary's decision denying benefits be reversed. This Court then remanded the question to the Secretary for articulation of reasons for the denial of benefits. An Administrative Law Judge ("the ALJ") issued a recommended decision, adopted by the Secretary's Appeals Council May 26, 1987, that the plaintiff is not disabled within the meaning of the Social Security Act. In a Report and Recommendation dated July 20, 1988 and filed July 21st the Magistrate recommended that the Secretary's decision be reversed and that the case be remanded solely for the computation of benefits.

Pursuant to Fed.R.Civ.P. rule 72(b) the Secretary has objected to the latter recommendation. This Court must therefore conduct a *de novo* review of the Magistrate's determination, guided by the understanding that findings of the Secretary which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Havas v. Bowen,* 804 F.2d 783, 785 (2d Cir.1986).

The Social Security Act expressly requires that, in order for one to qualify for widow's disability insurance benefits, she be unable to engage in "any gainful activity." 42 U.S.C. § 423(d)(2)(B); *Gallagher on behalf of Gallagher v. Schweiker,* 697 F.2d 82, 84 fn. 2 (2d Cir.1983). As part of its evaluation process the Secretary has promulgated a listing ("the Listing") of impairments which are deemed to be of sufficient severity to preclude gainful activity. *See* 20 C.F.R. § 404, Appendix 1 to Subpart P. A claimant whose condition meets or is equivalent to one of the listed impairments is considered disabled and therefore deserving of benefits. *Id.* at § 404.1578(a)(1); *Tolany v. Heckler,* 756 F.2d 268, 270–271 (2d Cir.1985).

In this case the ALJ determined that, because the plaintiff's "condition does not equal any of [those listed]," she is "not entitled to widow's insurance benefits based on disability." Transcript ("Tr."), at 33. The Magistrate found that it was error for the Secretary to have relied exclusively upon the Listing and that the latter was an inadequate substitute for a specific finding as to the claimant's residual functional capacity to perform any gainful activity.

This same issue was discussed extensively by the United States Court of Appeals for the Second Circuit in *Tolany v. Heckler, supra.* Therein the Court questioned whether the Listing could properly be employed without evaluating a widowed claimant's residual functional capacity to perform gainful activity. *Id.* at 271–272.

However, because that case had for another reason to be remanded to the Secretary, the Court merely "identif[ied] the issue for the Secretary's further consideration" without deciding it. *Id.* at 272. This issue had "not [been] posed * * * in terms that would prompt the Secretary to enlighten [the Court as to] how the regulations are fairly to be understood in the event that residual functional capacity is to be ignored." *Ibid.* In the instant case the Magistrate has posed the issue squarely by recommending that the Secretary's singular reliance on the Listing be found to have been misplaced. Magistrate's 1988 Report and Recommendation, at 6–8.

The issue having thus been posed and nothing by way of enlightenment from the Secretary having been located, this Court will decide it. Subsequent to *Tolany v. Heckler,* district courts have held that the Secretary commits reversible error by assessing a claimant's condition under the Listing without further evaluating evidence whether she is capable of any gainful activity. *Williams v. Bowen,* 660 F.Supp. 192, 195 (S.D.N.Y.1987) ("in the absence of any elaboration from the Secretary on this issue, [the decision in] *Tolany* [*v. Heckler, supra*] obligates the ALJ to assess a claimant's residual functional capacity to determine whether he or she can engage in any gainful activity"); *Boyd v. Secretary of Health and Human Services,* 626 F.Supp. 1252, 1255 (W.D.N.Y.1986). While the Court in *Boyd v. Secretary of Health and Human Services* made no mention of *Tolany v. Heckler,* the *Williams v. Bowen* court construed such decision as mandating that the presence or absence of residual functional ability to perform gainful activity be ascertained when the claimed disability does not meet the Listing.

■ There is nothing brought to this Court's attention to show that the Secretary has in any way or degree accepted the invitation impliedly extended in *Tolany v. Heckler, supra,* at 272, to bestow enlightenment. This Court, therefore, has no hesitancy in coming to its decision that residual functional capacity must be evaluated before there can be a denial of a claim by a widow whose condition does not match to the Listing. The statute—42 U.S.C. § 423(d)(2)(B)—certainly contemplates promulgation by the Secretary of regulations which will adequately gauge whether a claimant can engage in any gainful activity. Therefore the Secretary's denial of benefits in this case, having been made without specific finding as to this plaintiff's residual functional capacity to perform any gainful activity, is necessarily unsupported by substantial evidence.

■ A remand to the Secretary for a proper evaluation does not seem in order—particularly, in the light of his post–1985 silence. The record compiled over the course of two separate administrative proceedings strongly supports the proposition that the plaintiff's disability prevents any gainful activity on her part. Her own testimony (Tr., at 144–174) has not been discredited. Moreover, the opinion of her treating physician, Dr. BW, that she is "completely and permanently disabled" (Tr., at 183) is largely uncontradicted. The Secretary has offered the opinion of Dr. RK, based entirely on his review of documentary medical evidence, that the plaintiff's conditions did not meet or equal the Listing and that they would improve with proper diet and medication. Tr., at 224–227. As a matter of law, however, the opinion of a non-examining physician is of itself insufficient to override the diagnosis of a claimant's treating physician. *Hidalgo v. Bowen,* 822 F.2d 294, 297 (2d Cir. 1987).

Additional medical examinations and evidentiary findings would be required, then, to arrive, potentially, at substantial evidence sufficient to override Dr. BW's diagnosis. But enough is enough, and the record compiled to date persuasively indicates that the plaintiff is entitled to widow's disability insurance benefits pursuant to 42 U.S.C. § 423(d)(2)(B) and that the Secretary's contrary decision is not supported by substantial evidence.

Accordingly, it is hereby ORDERED that the decision of the Secretary is reversed

and that the claim is remanded solely for the computation of benefits.