724 F.Supp. 76 (1989)
Hattie BROWN, Plaintiff,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.
No. CIV-87-369E.
United States District Court, W.D. New York.
October 30, 1989.
*77 James J. Duane, Buffalo, N.Y., for plaintiff.
Mark Perla, Asst. U.S. Atty., W.D.N.Y., Buffalo, N.Y., for defendant.

MEMORANDUM and ORDER
ELFVIN, District Judge.
The abovenamed plaintiff has applied for the payment of her attorney's fees and expenses from the government pursuant to the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412. In support of the application her appointed counsel, James J. Duane, Esq., has filed an affidavit attesting that he expended forty-four hours in connection with this matter, including with respect to the motion for attorney's fees, and that his services were reasonably valued at $125 per hour. Hence the fee request is for $5,500.[1] Affidavit of James J. Duane, Esq. (sworn to May 24, 1989), PP. 39-40[2] and exhibit A thereto; Supplemental Affidavit of James J. Duane, Esq. (sworn to July 6, 1989), P. 12.
The EAJA authorizes an award of attorney's fees to a prevailing party in certain actions against the government, unless the government's position was "substantially justified" or other circumstances exist which would render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Here, the plaintiff "prevailed" in her action for widow's disability and Supplemental Security Income ("SSI") benefits April 21, 1989, when the decision of the Secretary of Health and Human Services ("the Secretary") denying such was reversed and the matter was remanded solely for the computation of benefits. See McGill v. Secretary of Health and Human Services, 712 F.2d 28, 31-32 (2d Cir.1983), cert. denied, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984) (Social Security claimant prevails under the EAJA when she is found to be entitled to benefits).
Further, the government has not met its burden of making a "strong showing" that its position was substantially justified.[3]See Environmental Defense Fund, Inc. v. Watt, 722 F.2d 1081, 1085 (2d Cir.1983); see also Eames v. Bowen, 864 F.2d 251, 252 (2d Cir.1988) (per curiam). Substantially justified means "justified to a degree which could satisfy a reasonable person."[4]Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). A position may be substantially justified even if incorrect, but it must have enough foundation in law and fact that a reasonable person could think it correct. Id., 108 S.Ct. at 2550 fn. 2. In other words, such position must be sufficiently colorable to engender "genuine dispute." Id., at 2550. Here, however, the Secretary's position was indisputably unreasonable under both the pertinent law and facts. As explained *78 in this Court's prior Memorandum and Order reversing the Secretary's denial of benefitsBrown v. Sullivan, CIV-87-369E, 1989 WL 41734 (W.D.N.Y. April 21, 1989), at pp. 3-6, the Secretary disregarded both the treating physician rule controlling within this CourtSchisler v. Heckler ("Schisler I"), 787 F.2d 76, 81 (2d Cir.1986); see also Schisler v. Bowen ("Schisler II"), 851 F.2d 43 (2d Cir.1988) and its legal obligation to assess the plaintiff's residual functional capacity to engage in "any gainful activity" within the meaning of such phrase under the widow's disability benefits statute, 42 U.S.C. § 423(d)(2)(B). See Rizzo v. Secretary of Health and Human Services, 708 F.Supp. 520 (W.D.N.Y.1989); see also Tolany v. Heckler, 756 F.2d 268, 270-272 (2d Cir. 1985) (dictum). A position of the Secretary which is "contrary to clearly established circuit precedent" obviously cannot have a reasonable basis in the law. Fraction v. Bowen, 859 F.2d 574, 575 (8th Cir. 1988). Additionally, with respect to the underlying facts, this Court had found no "genuine conflict" in the evidence before the Secretary which would suggest anything other than that the plaintiff was entitled to benefits. Brown v. Sullivan, supra, at 5. And, indeed, the Secretary's determination that the plaintiff has "no significant exertional limitations" was specifically rejected as "rather ridiculous." Id., at 4 (quoting with approval the "commonsensical" assessment of United States Magistrate Edmund F. Maxwell). Thus, the government's position was without a reasonable basis both in law and in fact.
Having concluded that Mr. Duane is entitled to an award pursuant to the EAJA, it becomes necessary to calculate a reasonable fee thereunder. Section 2412(d) of the enactment sets a ceiling upon attorney's fees at $75 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Mr. Duane has not submitted evidence that there has been an increase in the cost of living in the Western District of New York since October 1, 1981, the date the EAJA took effect. Instead he has requested that this Court take judicial notice of such an increase on the basis of the Consumer Price Index ("CPI"). Duane May 24th affidavit, supra, PP. 35-36 (asserting an increase of 31.7 percent).
This Court has often expressed its view that it "must be furnished with proof in order to * * * determine whether a cost-of-living increase [of an EAJA award] is in fact justified in a given case" and also that the CPI, absent accompanying live testimonial evidence for purposes of interpretation and explanation, is inadequate proof of an increase. E.g., McNeill v. Secretary of Health and Human Services, CIV-87-1498E, 1989 WL 39449 (W.D.N.Y. April 20, 1989), at pp. 2-4 & fn. 2. Hence, this Court declines the invitation to take judicial notice.[5]See Eames v. Sullivan, CIV-81-483E, 1989 WL 126542 (W.D.N.Y. October 18, 1989), at pp. 12-14 (rejecting the contention that this Court is required to take judicial notice of the CPI pursuant to Fed. R.Evid. rule 201).
Alternatively, Mr. Duane asserts that fees exceeding $75 per hour should be granted in this case because the government's position was not merely without substantial justification but was undertaken in bad faith. Fees may be awarded under section 2412(b) of the EAJA, without regard for the statutory ceiling of section 2412(d)(2)(A), upon a finding of bad faith. Smith by Smith v. Bowen, 867 F.2d 731, 736 (2d Cir.1989); Wells v. Bowen, 855 F.2d *79 37, 46 (2d Cir.1988). Bad faith fees are awardable when the government's position was "entirely without color" and undertaken "for reasons of harassment or delay or other improper purpose." Wells v. Bowen, supra, at 46; see Sierra Club v. U.S. Army Corps of Engineers, 776 F.2d 383, 390 (2d Cir.1985), cert. denied, 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986) (quoting from Browning Debenture Holders' Committee v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir.1977)).
Mr. Duane charges that the government's position in this litigation was "for the unreasonable and vexatious purpose of relitigating legal propositions that are now well-settled * * *, presumably in the hope that [the plaintiff] or her appeal would eventually wear away from attrition." Duane May 24th affidavit, supra, PP. 20, 26. The government's disingenuousness in controverting this matter is evidenced, Mr. Duane suggests, by its repeated failure to file responding papers to the arguments he had raised during this litigation, even though such arguments were clearly colorable (and were ultimately prevailing) and even though these had not been addressed by the government's priorly-filed pleadings and motion papers. Id., PP. 21-25.
The government's reply to such, that it "drags its feet in all these type [sic] cases * * * so this case doesn't stand out"Representation of Assistant United States Attorney Mark S. Perla before this Court, July 10, 1989, hardly refutes the charge of bad faith. It is not inconceivable that the government's conduct herein might, instead of being anomalous, reflect a purposeful policy manifested in numerous cases.
Indeed, Mr. Duane correctly notes that the Secretary's infidelity to the treating physician rule in this case reflects a pattern and practice. Duane May 24th affidavit, supra, P. 19. The cases in this Circuit in which the Secretary's determination has been reversed or remanded for contravening such rule are "legion." Hidalgo v. Bowen, 822 F.2d 294, 297 (2d Cir.1987) (reversing the Secretary pursuant to the treating physician rule and citing twenty-three previous cases before it in which the Secretary had "misapplied" the rule). Accordingly, in Schisler I, supra, decided April 2, 1986, the United States Court of Appeals for the Second Circuit had ordered the Secretary to inform its adjudicators of the case law on the treating physician rule.
In this case, the administrative hearing (October 8, 1986), the decision thereon (November 7, 1986) and the Secretary's Appeals Council ruling, expressly finding no error of law in such decision (February 27, 1987)see Transcript of Proceeding Below ("Tr."), at 3-4, 7-14, 30-37, all occurred well after the issuance of Schisler I and therefore in circumstances under which the administrative adjudicators should have been aware of and applied the treating physician rule. Within such context, the inference is inescapable that the government's position in this regard was in bad faith.
The government has said nothing to undercut this inference by way of explanation for the Secretary's failure to adhere to the treating physician rule.[6] Accordingly, *80 this Court concludes that the government's position in this case was formulated, at least in part, in bad faith, and therefore that the plaintiff's counsel is entitled to attorney's fees under section 2412(b) of the EAJA, which provision waives the government's sovereign right to be free from the traditional common law fee-shifting rules in such circumstances. See H.Rep. No. 96-1418, 1980 U.S.Code Cong. and Ad.News 4953, 4984, 4987-4988.
As abovenoted, fees awarded pursuant to section 2412(b) are not limited by the $75 per hour ceiling of section 2412(d)(2)(A) of the same enactment. Mr. Duane attests that $125 per hour is his standard fee and that such rate is reasonable for experienced attorneys in the Social Security disability field of practice. Duane May 24th affidavit, supra, PP. 25-26. He does not practice in such area, but rather was appointed as the plaintiff's counsel in this case.[7] Nonetheless, the quality of his work before this Court, both in his papers and in person, has been consistently high, as is expected of all members of this bar. In view of such and in view of the government's bad faith with respect to the treating physician rule, $95 per hour for 44 hours worked is a reasonable award for Mr. Duane's services herein and as a sanction for the government's conduct. Accordingly, the motion for attorney's fees pursuant to the EAJA will be granted in the amount of $4,180.[8]
This Court's inquiry is not completed, however. In Wells v. Bowen, supra, at 42, it was held that an attorney best represents his client by making a dual application for fees from his client's past due withheld benefits under the Social Security Act ("SSA"), 42 U.S.C. § 406(b), as well as from the government under the EAJA. The lesser of any two amounts so awarded goes to the client. Accordingly, this Court has construed applications nominally presented in the alternative as dual applications. E.g., McNeill, supra, at p. 1 fn. 1; see also Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir.1986).
A dual fee award compels the Secretary to release to the client part or all of the latter's withheld benefits, thereby protecting against undue (and possibly retaliative) largesse by the Secretary in an administrative fee award to an attorney pursuant to section 206(a) of the SSA. The same benefits withheld for any section 406(b) award in district court are a fount for a section 406(a) administrative fee award, whether to the same attorney appearing in district court or another. Hence, the depletion of the withheld benefits by a district court award and a payment to the client of the lesser between such and an accompanying EAJA award serves to protect the client against possible conflicts of interest arising from the interplay of the statutory provisions. See Pribek v. Secretary D. of Health and Human Serv., 717 F.Supp. 73, 76 & fn. 6 (W.D.N.Y.1989).
Having arrived at the determination that the instant motion for fees should be construed as a dual one, this Court *81 proceeds to ascertain a reasonable level of fees awardable under the SSA.[9] The statutory requirement is that such be determined "with reference to the prevailing market rates in the relevant community" Wells v. Bowen, supra, at 43and this Court has previously ruled that "$90 per hour is not greater than the prevailing market rate" in this district. McNeill v. Secretary of Health and Human Services ("McNeill II"), 713 F.Supp. 59, 61 (W.D.N. Y.1989). Without the assistance of data from Mr. Duane for further refinement of the analysis, such rate shall be awarded here. Inasmuch as the $3,960 figure derived thereby is less than the amount awarded under the EAJA, the SSA award belongs to the plaintiff and not Mr. Duane.
In accordance with all of the foregoing, it is hereby ORDERED that the Secretary shall pay to the plaintiff's counsel the amount of $4,230 pursuant to the EAJA, that the Secretary shall separately pay to Mr. Duane from the plaintiff's withheld past-due benefits the amount of $3,960 pursuant to the SSA, and that Mr. Duane shall deliver the latter payment to the plaintiff.
NOTES
[1] Disbursements in the amount of $50 are also sought.
[2] "P." denotes "paragraph."
[3] The government's responsive memorandum makes no argument that it was substantially justified. Rather, the government contends that it did not act in bad faith and that the amount of fees requested is excessive.
[4] This Court rejects Mr. Duane's assertion that the substantial justification standard is "essentially the same" as the "substantial evidence" standard employed to determine the appropriateness of a denial of benefits by the Secretary. See Duane May 24th affidavit, supra, P. 9. Plainly, if such were the case, in all instances in which a party would prevail against the Secretary he would be entitled to EAJA fees, because the predicate finding of lack of substantial evidence would amount to a corollary finding of lack of substantial justification. This cannot be, inasmuch as it would render the substantial justification language of the EAJA superfluous.
[5] Mr. Duane vigorously argues that Wells v. Bowen, 855 F.2d 37 (2d Cir.1988), "addressed and squarely resolved" the question whether the CPI constitutes sufficient proof of an increase in the cost of living for purposes of the EAJA. Plaintiff's Responding Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees, at pp. 8-10. But as he makes clear in his argument, the Court in Wells v. Bowen merely affirmed sub silentio the district court's acceptance of the CPI, just as it had in Parks v. Bowen, 839 F.2d 44 (2d Cir.1988). These decisions are tacit authority for the proposition that a district court may rely solely on the CPI, but they certainly do not require a district court to do so.
[6] Conversely, the government has submitted an extensive explanation for the Secretary's failure to assess under his regulations the plaintiff's residual functional capacity to engage in "any gainful activity" within the contemplation of 42 U.S.C. § 423(d)(2)(B). See Defendant's Memorandum in Opposition to the Plaintiff's Motion for Attorney's Fees, at pp. 4-8. With regard to such, this Court has no reason to suspect that the Secretary's position (although unjustified) was in bad faith. The dictum of Tolany v. Heckler, supra, expressly left room for the Secretary to maneuver. The Secretary was given the opportunity to "enlighten" the judiciary of this Circuit as to "how the regulations are fairly to be understood in the event that residual functional capacity is ignored." Id., at 272.

However, while there may have been doubt during the administrative proceedings herein regarding the effect of such language in Tolany v. Heckler, this Court has recently ruled that, in the absence of necessary "enlightenment" from the Secretary, the dictum of that decision must be considered controlling. Rizzo v. Secretary of Health and Human Services, supra; see also Williams v. Bowen, 660 F.Supp. 192, 195 (S.D.N. Y.1987); cf., Barton v. Bowen, CIV-87-158E, 1989 WL 20947 (W.D.N.Y. March 3, 1989) (widower's benefits). Thus, were the Secretary to continually and repeatedly ignore residual functional capacity in widow's (or widower's) disability benefits actions without fully addressing the exhaustive and well-reasoned discussion of the United States Court of Appeals for the Second Circuit in Tolany v. Heckler, an inference of bad faith might in some future case arise.
Also, the government's memorandum in opposition to fees here cannot suffice as such "enlightenment." At this posture of this case, the argument therein is untimely for such purpose (although it fully serves its separately stated purpose of undercutting an inference of bad faith). But more importantly, the argument fails to address the reasoning of Tolany v. Heckler, instead asserting perfunctorily and without direct case authority that section 423(d)(2)(B) allows the Secretary to ignore residual functional capacity. Still unanswered by the government is the logical conundrum that, "if [a] claimant's residual functional capacity leaves that person unable to perform any [gainful] activity, then it is difficult to see how the impairment could fail to be the equivalent of some impairment on a list of what purports to be impairments `considered severe enough to prevent a person from doing any gainful activity.'" Tolany v. Heckler, supra, at 271-272.
[7] Mr. Duane asserts that he has "extensive experience" in disability law based upon his review of numerous Social Security disability actions as a federal law clerk in this Circuit. Duane May 24th affidavit, supra, P. 30. This Court, however, is dubious whether clerking experience qualifies as experience in the field.
[8] Fifty dollars in disbursements will also be granted. See fn. 1, hereinabove.
[9] The standard for an award of fees under the SSAa "favorable" determinationmay logically be subsumed within the prevailing party standard of the EAJA. Thus, whenever fees are granted under the latter enactment, it generally follows that they may also be granted under the former, except that fees under the SSA are not awardable in an action for SSI benefits. Bowen v. Galbreath, 485 U.S. 74, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988). Here, however, both SSI and disability benefits have been sought, and this Court's "inclination" in such instances is to construe the attorney's work, to the extent it cannot be apportioned between the separate claims, as compensable. See Livingston v. Secretary of Health and Human Services, CIV-87-622E, 1989 WL 122085 (W.D.N.Y. October 12, 1989), at p. 2 fn. 1.