## BOWEN, SECRETARY OF HEALTH AND HUMAN SERVICES v. GALBREATH

No. 86–1146. Argued December 9, 1987—Decided February 24, 1988

BRENNAN, J., delivered the opinion of the Court, in which all other Members joined, except KENNEDY, J., who took no part in the consideration or decision of the case.

*Richard J. Lazarus* argued the cause for petitioner. With him on the briefs were *Solicitor General Fried, Assistant Attorney General Willard, Deputy Solicitor General Lauber, William G. Kanter,* and *Jeffrica Jenkins Lee.*

*Anthony W. Bartels* argued the cause and filed a brief for respondent.

JUSTICE BRENNAN delivered the opinion of the Court.

The question before us is whether, under Title XVI of the Social Security Act, a district court has the authority to order the Secretary of Health and Human Services to withhold a portion of past-due supplemental security income benefits for the payment of attorney's fees.

After the Secretary of Health and Human Services denied Mary Alice Galbreath's application for supplemental security income (SSI) benefits under Title XVI of the Social Security

Act, she appealed to a Federal District Court. The District Court reversed the denial, and the Secretary accordingly paid Galbreath her full $7,954 in past-due benefits. Galbreath's attorney, Anthony W. Bartels, then moved for attorney's fees equal to 25% of the past-due benefits. The District Court determined that the amount requested was reasonable and, relying on 42 U. S. C. § 406(b)(1), ordered the Secretary "to compute, certify, and pay" Bartels his requested fee of $1,988.50 out of the the past-due benefits awarded Galbreath. The Secretary appealed, arguing that § 406(b)(1) applies only to cases under Title II of the Social Security Act and that the relevant statutes and regulations do not permit withholding past-due SSI benefits for payment of attorney's fees in Title XVI cases. The Court of Appeals for the Eighth Circuit affirmed. 799 F. 2d 370 (1986). We granted certiorari to resolve a conflict among the Courts of Appeals,* 481 U. S. 1036 (1987), and now reverse.

Title II is an insurance program. Enacted in 1935, it provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need. See 42 U. S. C. §§ 403, 423 (1982 ed. and Supp. III). Title XVI is a welfare program. Enacted in 1972, it provides SSI benefits to financially needy individuals who are aged, blind, or disabled regardless of their insured status. See 42 U. S. C. § 1382(a) (1982 ed. and Supp. III).

Until 1965, Title II contained no provision expressly authorizing a district court to award fees to a claimant's attorney. In 1965, however, the Court of Appeals for the Fifth Circuit held that 42 U. S. C. § 405(g) implicitly authorized district courts to order the payment of attorney's fees out of

---

*Compare *Howard* v. *Bowen,* 823 F. 2d 185 (CA7 1987) (withholding not permitted); *McCarthy* v. *Secretary of Health and Human Services,* 793 F. 2d 741 (CA6 1986) (same); *Motley* v. *Heckler,* 800 F. 2d 1253 (CA4 1986) (same), with *Clay* v. *Secretary of Health and Human Services,* 823 F. 2d 679 (CA1 1987) (withholding is permitted); *Reid* v. *Heckler,* 735 F. 2d 757 (CA3 1984) (same); and the decision below.

past-due benefits. See *Celebrezze* v. *Sparks*, 342 F. 2d 286 (1965). Under 42 U. S. C. § 405(g), a court reviewing a decision of the Secretary has the power to enter "a judgment affirming, modifying, or reversing the decision of the Secretary." The court in *Sparks* reasoned that where a statute gives a court jurisdiction, it must be presumed, absent any indication to the contrary, that the court was intended to exercise all the powers of a court, including the power to provide for payment of attorney's fees out of any recovery. 342 F. 2d, at 288–289. Later in 1965, Congress effectively codified *Sparks* by adding a new subsection (b)(1) to 42 U. S. C. § 406 that allows withholding of past-due benefits to pay attorney's fees incurred in judicial proceedings under Title II. Social Security Amendments of 1965, Pub. L. 89–97, § 332, 79 Stat. 403. Subsection (b)(1) provides:

> "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."

In 1968, Congress amended 42 U. S. C. § 406(a) by adding two sentences giving the Secretary similar withholding authority to pay attorney's fees incurred in Title II administrative proceedings. Social Security Amendments of 1967, Pub. L. 90–248, § 173, 81 Stat. 877.

Thus, the District Court's order in this case would clearly be valid if this were a Title II case. When Congress enacted Title XVI in 1972, however, it provided no similar authority to withhold past-due benefits for attorney's fees. This omission is particularly telling because Congress incorporated

many other provisions of Title II into Title XVI. In particular, while incorporating almost every other provision of § 406 into Title XVI, Congress left out the provisions in § 406(b)(1) and § 406(a) that authorized judicial withholding and administrative withholding. Social Security Amendments of 1972, Pub. L. 92–603, § 301, 86 Stat. 1476–1477, codified at 42 U. S. C. § 1383(d)(2). This omission does not appear to have been inadvertent. Indeed, with respect to administrative proceedings, the House Report specifically noted and explained the omission of withholding authority by twice stating:

> "Where an individual who has requested a hearing is represented before the Secretary by an attorney . . . there would be no withholding of attorney fees from such individual's benefits. Your committee believes that to withhold such fees would be contrary to the purpose of the program." H. R. Rep. No. 92–231, pp. 156, 187 (1971).

The Senate Report also indicates the omission of administrative withholding authority was intentional. See S. Rep. No. 92–1230, p. 392 (1972) ("Where an individual who has requested a hearing is represented before the Secretary by an attorney . . . there would be no withholding of attorney fees from the individual's benefits"). Although the legislative history offered no explanation specifically linked to the omission of judicial withholding authority, it is fair to assume that this omission also reflected Congress' view that withholding past-due SSI benefits would be inconsistent with the purpose of the program. Given the extreme financial need of SSI beneficiaries, this view is not irrational. Nor would it be odd for Congress to conclude that withholding past-due benefits from financially needy individuals under Title XVI would cause greater hardship than withholding past-due benefits from insured individuals under Title II. We thus conclude that, as originally enacted, Title XVI evidenced a congressional intent not to allow the withholding of past-

due SSI benefits to pay attorney's fees incurred in judicial proceedings.

Respondent and the courts finding judicial withholding authority under Title XVI do not dispute the conclusion that Congress intended to disallow judicial withholding when it enacted Title XVI in 1972. Rather, they contend that courts possess inherent authority to order withholding and that a 1976 amendment to 42 U. S. C. § 1383(c)(3)—the judicial review provision of Title XVI—demonstrates Congress' intent to allow that authority to be exercised. As enacted in 1972, 42 U. S. C. § 1383(c)(3) (1970 ed., Supp. IV) provided:

> "The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in Section 405(g) of this title to the same extent as the Secretary's final determinations under Section 405 of this title; *except that the determination of the Secretary after such hearing as to any fact shall be final and conclusive and not subject to review by any court.*" Pub. L. 92–603, § 301, 86 Stat. 1476 (emphasis added).

The 1976 amendment simply deleted the italicized portion of the statute. Act of Jan. 2, 1976, Pub. L. 94–202, 89 Stat. 1135. The clear and expressed intent was to make the Secretary's factual findings under Title XVI subject to judicial review, just as they were under Title II. Nothing in the legislative history mentions withholding benefits to pay attorney's fees. The Court of Appeals below and other courts have nonetheless reasoned that, because Congress intended to make judicial review under Title XVI the same as judicial review under Title II, courts adjudicating Title XVI cases must have the same inherent authority to order withholding under § 405(g) that, under *Sparks*, courts adjudicating Title II cases had even before § 406(b)(1) was added.

We find this analysis unpersuasive. On its face, the deletion of a provision making factual findings unreviewable

bears no apparent relation to whether withholding of past-due benefits should be allowed. Indeed, the deletion does not even purport to address cases involving legal, rather than factual, disputes, and we can hardly imagine that Congress meant to change the ban on withholding without addressing both kinds of cases. The courts that have concluded that the 1976 amendment authorizes judicial withholding rely on statements in the legislative history indicating Congress' intent to make judicial review under Title II and Title XVI "virtually identical," to "provide the same rights to . . . judicial review" under both Titles, and "to apply the same rules of judicial review to Title XVI cases as apply to Title II cases." S. Rep. No. 94–550, pp. 1, 3–4 (1975). None of these statements suggests that Congress intended to allow withholding of past-due benefits. Rather, they simply state the obvious point that removing the provision barring review under Title XVI of the Secretary's factual determinations makes the scope of issues reviewable under Title XVI and Title II the same. Even assuming courts have inherent authority under *Sparks* to withhold a portion of past-due SSI benefits to pay attorney's fees in Title XVI cases, we see no reason why Congress cannot divest courts of that authority if it so chooses. In originally enacting Title XVI, Congress manifested its intent, by selective incorporation and legislative history, to disallow the withholding of past-due SSI benefits to pay attorney's fees incurred in Title XVI cases. Until Congress sees fit to override its original decision, by amending Title XVI in a way that manifests an intent to allow withholding, that original decision stands.

The judgment of the Court of Appeals is

*Reversed.*

JUSTICE KENNEDY took no part in the consideration or decision of this case.