842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth SMITH, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-2075.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 1, 1988.
Decided March 8, 1988.
 
 Paul Graham Beers, Client Centered Legal Services of Southwest Virginia, Inc. for appellant.
 Peter S. Krynski, Office of the General Counsel, Social Security Division, Department of Health & Human Services (John F. Alderman, Assistant United States Attorney; Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation; A. George Lowe, Chief, Disability Litigation Branch, on brief), for appellee.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kenneth Smith, in July 1980 filed application for disability insurance benefits and supplemental security income (SSI) benefits. The claims were denied upon initial consideration. Smith engaged Don Earls, Esq., to pursue the case. The terms of the representation agreement are in dispute.
 
 
 2
 Smith's claims were denied upon reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge (ALJ). The ALJ also denied the claims for benefits. The ALJ's opinion was adopted as the final decision of the Secretary of Health and Human Services (Secretary) by the Social Security Administration's Appeals Council. Earls instituted action in federal district court on behalf of Smith.
 
 
 3
 On October 1, 1981, the court remanded the case to the Secretary for additional proceedings. Some time later, a new administrative hearing was conducted. After that hearing, an ALJ again recommended that plaintiff's claims be denied. The recommendation was adopted by the Social Security Administration's Appeals Council. Smith's case was then reinstated on the active docket of the district court.
 
 
 4
 On February 10, 1983, the court affirmed the denial of plaintiff's claim for disability insurance benefits. However, the court again remanded the SSI claim to the Secretary for further development. In August of 1983, another ALJ recommended that plaintiff's claim for SSI benefits be approved. The recommendation was adopted by the Appeals Council in September of 1983.
 
 
 5
 Smith was found to be entitled to back SSI benefits in the amount of $6,640.00. In February of 1984, Earls submitted a fee petition to the Social Security Administration. Earls represented that he had devoted 82 3/4 hours to plaintiff's case. Included were time and effort expended both at the administrative level and before the federal district court. Earls also indicated in his petition that he and the client had agreed on a fee amounting to $75.00 per hour or 25 percent of the back due benefits. The petition did not specify whether the greater or lesser of these two amounts had been agreed upon. Evidently, after inquiries by the Social Security Administration, Earls indicated that the parties had agreed upon the greater amount. Smith claims that he and Earls had agreed to the lesser of the two.
 
 
 6
 On May 14, 1984, the Social Security Administration authorized Earls to charge and receive a fee in the amount of $4,106.25. The fee was to be collected directly from the client. It appears that Earls eventually initiated a state court action to collect the fee.
 
 
 7
 Smith obtained different counsel and filed a request to the Social Security Administration for reconsideration of the fee authorization. The request was denied as untimely. Smith and his new attorney filed the complaint in the present case on April 18, 1986. On June 5, 1986, the Social Security Administration issued an amended authorization to Earls permitting him to charge a fee of $2,500.00 rather than $4,106.25. The Attorney Fee Officer noted that Earls' time and effort in federal court had been erroneously considered in determining the amount of fee to be collected for efforts rendered at the administrative level. Smith sought review of the amended authorization noting that the newer fee authorization still permitted collection of an amount in excess of 25 percent of past due benefits. The $2500.00 fee was upheld upon reconsideration by the Attorney Fee Officer.
 
 
 8
 The district court concluded that it was without subject matter jurisdiction and dismissed the case. The court properly applied Thomason v. Schweiker, 692 F.2d 333 (4th Cir.1982), which holds that the district court has jurisdiction only to determine if the Secretary exceeded his legal authority, acted unconstitutionally or failed to follow his own regulations. Since the Secretary did not contravene those limitations, we affirm.
 
 
 9
 Title XVI of the Social Security Act, 42 U.S.C. Secs. 1381-1383, provides supplemental security income to the aged, blind and disabled. A provision of the SSI benefits title, 42 U.S.C. Sec. 1383(d), provides that the Secretary may prescribe, by regulation, the maximum fees that may be charged for services performed in connection with a SSI claim. Agreements for compensation in excess of the prescribed maximum are rendered void by the statute and any person who collects a fee in excess of the maximum commits a misdemeanor.
 
 
 10
 The Secretary has promulgated regulations concerning representation of claimants in SSI cases that are codified at 20 C.F.R. Secs. 416.1500-416.1599. Section 416.1520(b) provides that the Secretary will in every case set the maximum fee that a representative may charge a claimant.
 
 
 11
 Plaintiff apparently advances two arguments why the Secretary's determination of a maximum fee in his case was improper. First, he argues that the Social Security Act limits awards to attorneys to 25% of past due SSI benefits so that the Secretary exceeded his statutory authority in awarding a percentage greater than 25%. Second, he argues that the Smith-Earls representation agreement provided for compensation of the lesser of $75 per hour or 25% of past due benefits, so that the Secretary exceeded his statutory authority in approving an amount in excess of the agreement.
 
 
 12
 The district court properly rejected plaintiff's arguments. First, the Social Security Act does not set an upper limit of 25% of past due benefits on attorney's fees for SSI representation. Second, the Secretary does not exceed his statutory authority when he sets a maximum fee higher than that purportedly agreed to under the representation contract. The Secretary sets the maximum fee that may be charged. In SSI cases he neither withholds from past-due benefits for payment to the lawyer nor orders that the fee be paid. He sets an upper limit. The lawyer must collect the fee from the client. As with any other debt, the client may pay under his or her view of the contract and set up any defenses if the matter is contested.
 
 
 13
 AFFIRMED.