**Roy NEVELS, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. C–1–85–570.**

United States District Court, S.D. Ohio, W.D.

Nov. 26, 1988.

Lisa A. Rosner, Cincinnati, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

### ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon an Application for Award of Attorney Fees filed by plaintiff's counsel for her successful representation of plaintiff (doc. no. 35). Counsel requests attorney fees for her representation of the plaintiff which resulted

in plaintiff's recovery of Supplemental Security Income Benefits. Defendant objects to the award of fees.

This Court is without jurisdiction to order the Secretary to withhold and pay fees for legal services directly to counsel out of the claimant's award. *Bowen v. Galbreath,* — U.S. —, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988); see also, *McCarthy v. Sec. of H.H.S.,* 793 F.2d 741 (6th Cir.1986). The discussion in *Galbreath* and *McCarthy* clearly indicates the distinction between the statutory authority to award attorney's fees for Supplemental Security Income ("SSI") claimants under Title XVI, 42 U.S. C. §§ 1381–83 and that for Disability Insurance Benefits claimants under Title II, 42 U.S.C. § 406; the conclusion is that no authority exists for the District Court to order fees in successful claims for SSI benefits.

This Court acknowledges that it has the right to approve or set an amount of fees which a plaintiff's attorney may charge for the successful representation of a SSI claimant. In this Court's considered opinion, however, the matter of fees is a personal one best left to the individuals directly involved. It is the tradition of the legal profession, like most others, that the responsibility for the arrangement and resolution of the payment of fees for professional services is left to the professional and his or her client. In the exercise of discretion, therefore, this Court DENIES plaintiff's attorney's request that the Court intervene and comment on the matter of fees.

Accordingly, the Court hereby DENIES plaintiff's counsel's motion for an order awarding attorney fees (doc. no. 35).

IT IS SO ORDERED.