Linn BOWKER, Plaintiff,

v.

Otis R. BOWEN, Secretary, United States Department of Health and Human Services, Defendant.

Civ. A. No. 84–0041–P.

United States District Court, D. Maine.

Jan. 26, 1989.

Michael A. Bell, Bell & Geores, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER ON PETITION OF PLAINTIFF'S COUNSEL FOR ATTORNEY'S FEES

GENE CARTER, District Judge.

Now before the Court in this action is Plaintiff's counsel's petition under 42 U.S. C. § 406(b) for attorney's fees for his representation of Plaintiff before this Court. Counsel had represented Plaintiff before the Social Security Administration and after final denial of his application for benefits, before this Court on appeal, 596 F.Supp. 1416. This Court found a period of entitlement from January 1, 1982 on, and remanded the issue of entitlement from November 1, 1979 to the Administration,

which finally determined that Plaintiff was eligible for benefits for that period as well. Plaintiff and his dependents received $44,-785.86 in retroactive benefits in a series of payments, and he continues to receive Social Security disability benefits.

Plaintiff and counsel entered into a fee agreement stating that if a favorable decision were received, the fee would be twenty-five percent (25%) of all retroactive benefits due the client. Counsel requested approval from the Social Security Administration for $11,097.70 in fees, an amount equal to slightly less than twenty-five percent of the retroactive benefits paid.[1] A total of $7,588.95 had been withheld.

The Administration approved a fee of $8,000 with the following explanation:

> Although the record shows that you rendered valuable services to the claimant, we have reduced your requested fee to the amount shown above as reasonable compensation for services at the administrative levels. This authorization does not include your court services, but you may petition the court for those services.

Counsel then filed his petition in this Court for approval of a fee of $3,097.70 for time expended in representing Plaintiff before this Court. Defendant Secretary of Health and Human Services has filed an objection to the petition on the grounds that the Court does not have jurisdiction under 42 U.S.C. § 406(b) to authorize a fee in excess of the amount withheld out of past-due benefits. Defendant states that in its authorization, the Administration mistakenly directed counsel to petition the Court for a further fee, and it has submitted a corrected letter, sent to counsel November 29, 1988, deleting the direction to petition the Court.

■ Plaintiff's counsel agrees that in general attorney's fees are to come from the funds withheld from the past-due benefits but argues that the negligence of the Administration in failing to withhold money for fees from the past-due benefits should not deprive the Court of jurisdiction to approve a petition for fees. The Court does not accept characterization of the issue as "jurisdictional," and it agrees with Plaintiff's counsel's position.

Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Supreme Court has recently stated that this subsection "allows withholding of past-due benefits to pay attorney's fees incurred in judicial proceedings under Title II." *Bowen v. Galbreath*, 485 U.S. 74, ——, 108 S.Ct. 892, 893, 99 L.Ed.2d 68, 71 (1988).

It is clear that the statute empowers the Court to allow a fee up to a set amount. It does not state that the amount must previously have been withheld. The statute empowers the Secretary to certify the fee for payment out of the past-due benefits. The Social Security Administration, however, has a policy and procedures to provide relief for attorneys in situations where the Administration has erroneously released or failed to withhold part of the past-due benefits under section 406. These include notice to the claimant of his obligation to pay the fees and reconsideration of the payments. *See* Program Operation Manual Systems §§ GNO3940.261E and 03940.262. The fact that adequate funds were not withheld for an attorney's fee does not

---

1. The fee requested represented the amount withheld for fees by the Administration as twenty-five percent of benefits (an amount somewhat less than that calculated by counsel), plus twenty-five percent of retroactive benefits from which the Administration had not withheld funds.

therefore preclude the Court's allowing such a fee.

■ The record makes clear that three retroactive Title II benefit payments totaling $10,872 were made to Plaintiff and his dependents as a result of the Court's order.[2] No funds were withheld from these payments. The March 27, 1985 letter from the Administration's Mrs. Carolyn Henry to counsel demonstrates that the failure to withhold monies for attorney fees "was an oversight." In these circumstances, the Court sees no bar to its approval of counsel fees. Moreover, Plaintiff stated in a letter to the Social Security Administration that he hoped the Administration would not delay in approving counsel's fee petition for $11,097.70. The letter makes clear that he knows that not enough funds have been withheld by the Social Security Administration and that at least part of the fee will have to be paid from a trust fund established to pay the fees. Plaintiff's support of the fee request has been considered an important factor by other courts in allowing a fee. *Hutchinson v. Heckler*, 612 F.Supp. 264 (E.D.Wis.1985).

Having determined that counsel may receive fees, the Court must not blindly approve an award of twenty-five percent of the past-due benefits, but must examine the merits of the application. *Glass v. Secretary of Health and Human Services*, 822 F.2d 19, 21 (6th Cir.1987). The Court will first determine the "lodestar," or reasonable hourly rate multiplied by the number of hours reasonably required for the services rendered. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir.1984). This is " 'presumed to be the reasonable fee' " to which counsel is entitled, absent "rare" or "exceptional" circumstances. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65, 106 S.Ct. 3088, 3098–99, 92 L.Ed.2d 439 (1986) (quoting *Blum v. Stenson*, 465 U.S. 886, 898–90, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984)). The lodestar reflects the novelty of the case, counsel's special skill and experience, the quality of the representation, and the results achieved. *Id.*

■ The record shows that counsel has practiced law since 1975 and has been involved in more than 775 Social Security disability benefits cases. Affidavits from attorneys in counsel's locality state that counsel has a great deal of experience and expertise in Social Security law, a highly specialized field, and that he provides "excellent representation" on Social Security claims. Affidavit of John David Kennedy, Esq., at 2–3. Another attorney's affidavit states that few attorneys in counsel's area practice in this field and that a "reasonable rate for an attorney with the experience of [counsel] in the Social Security area, were the matter to be on a non-contingency, win or lose basis, would be at least $110.00." Affidavit of Jack H. Simmons, Esq. In a recent unpublished decision based on such affidavits, this Court (per Cyr, J.) determined that a reasonable hourly rate for counsel's former partner was $100 per hour. *Dudley v. Bowen*, Civ.No. 83–0179–B (Dec. 14, 1988). Given counsel's even greater experience in the field and this Court's experience with the high quality of his work in this and many other cases, the Court finds $110 per hour to be a reasonable rate.

■ The Court has carefully reviewed the time records submitted in support of the petition and finds them reasonable. Thus, counsel reasonably expended 45.3 hours in litigation of this appeal. A reasonable fee for counsel's representation of Plaintiff before this Court therefore would be $4983 (45.3 hours multiplied by $110 per hour).[3] Twenty-five percent of Plaintiff's

---

**2.** Counsel has argued that he was also entitled to fees from a fourth payment of SSI benefits made under Title XVI. The Supreme Court held in *Bowen v. Galbreath*, 485 U.S. at ——, 108 S.Ct. at 895, 99 L.Ed.2d at 74, that withholding of past-due SSI benefits to pay attorney's fees is not permitted. Attorneys can collect fee awards from the federal government in SSI cases under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *Howard v. Bowen*, 823 F.2d 185 (7th Cir.1987).

**3.** The Court need not determine whether exceptional circumstances for increasing the fee exist, *see Delaware Valley Citizen's Council*, 478 U.S. at 465, 106 S.Ct. at 3098, since the lodestar figure is more than the twenty-five percent of past-due

past-due benefits attributable to counsel's efforts in this Court equals $2718. Since the Court may not approve a fee of more than twenty-five percent of past-due benefits, it will approve this amount. Accordingly, it is ORDERED that counsel's petition for attorney's fees is hereby GRANTED in the amount of Two Thousand Seven Hundred Eighteen Dollars ($2,718.00).

benefits counsel can lawfully recover under section 406(b).