**Tommy A. GOFF, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 87–5086.**

United States District Court, D. South Dakota, W.D.

April 17, 1990.

---

James D. Leach, Rapid City, S.D., for plaintiff.

Robert A. Mandel, Asst. U.S. Atty., Rapid City, S.D., for defendant.

## MEMORANDUM OPINION AND ORDER

BATTEY, District Judge.

### NATURE AND PROCEDURAL HISTORY

The matter before the Court involves a petition for allowance of attorney's fees in this social security case. This is a case where the Secretary challenges the amount of the fee and not its entitlement.

Claimant Tommy A. Goff filed a claim for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. § 401 *et seq.* and a claim for supplemental security income benefits (SSI) based under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*[1] The Administrative Law Judge (ALJ) determined that claimant retained the residual functional capacity to perform the full range of light work as contemplated by 20 C.F.R. §§ 404.1567 and 4016.967 and that in view of his age, education, and work experience, claimant was not disabled. Upon appeal to this Court, the Court issued its memorandum opinion and order dated April 22, 1988, remanding the case to the Secretary. The Court found that the ALJ failed to expressly shift the burden of proof to the Secretary to establish that the claimant was not disabled, failed to apply the Secretary's own rules

---

**1.** Eligibility for SSI benefits is determined on the basis of need and either age, blindness, or disability, and provides a minimum level of benefits. *See Schweiker v. Hogan,* 457 U.S. 569, 582, 102 S.Ct. 2597, 2607, 73 L.Ed.2d 227 (1982); *Burnett v. Heckler,* 756 F.2d 621, 623 n. 3 (8th Cir.1985).

and regulations respecting one's ability to perform a full range of light work, and failed to consider claimant's subjective complaints as required by the law of this circuit. Upon remand, the ALJ, on September 12, 1988, awarded disability insurance and SSI benefits, including past-due benefits. The appeals council adopted the recommended decision of the ALJ on September 28, 1988. The decision thereupon became a final decision on the merits.

Petitioner now petitions this Court for allowance of attorney's fees under 42 U.S.C. § 406(b)(1).[2]

### FACTS

Claimant was represented throughout these proceedings by two attorneys. The first attorney was Samuel W. Crabb, who represented claimant commencing January 8, 1982, when he originally filed an application for social security disability benefits based upon an onset disability date of February 7, 1980. Attorney Crabb represented claimant throughout the administrative hearing and review process until December 22, 1987, when claimant's present attorney, James D. Leach (petitioner), entered the case. By the time petitioner entered the case the claimant had been denied benefits in three separate decisions. He was initially denied on January 18, 1982; a petition for reconsideration was denied August 6, 1986; and a request for administrative review was denied June 28, 1987. When petitioner entered the case, the complaint for court review had been filed in this Court for four months (filing date August 21, 1987) without appreciable activity. The Secretary filed a motion for summary judgment on November 23, 1987. Attorney Crabb sought and received a stipulation and order extending the time for claimant's answer to January 14, 1988. Petitioner promptly filed claimant's 47–page summary judgment motion on January 12, 1988, some 21 days after his appearance (Docket # 16).

A contingency fee contract between claimant and petitioner was executed which provided for payment at the rate of 25 percent of all past-due benefits received. The contingent fee contract applied to both social security disability and SSI benefits. The services of petitioner resulted in the final favorable decision remanding the case to the Secretary. (See the Court's unpublished opinion dated April 22, 1988, Docket # 20.)

Petitioner posits that the total past-due benefits paid amount to $63,040.10, which includes payment for disability insurance benefits under Title II and SSI based upon disability under Title XVI. He applied the 25 percent contingent fee percentage to the total past-due benefits of $63,040.10, resulting in a claimed fee of $15,760.03.[3] Acknowledging that previous attorney Crabb was awarded a fee of $3,000 and petitioner was awarded a fee of $5,000, this leaves a

---

**2.** 42 U.S.C. § 406(b)(1) provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as a part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."

**3.** Exhibit 5 of the declaration of petitioner in support of his motion sets forth his claimed computation of a fee entitlement as follows:

| | |
|---|---|
| 1. Total past-due benefits (including past-due SSI benefits) as shown on Form 1129 dated 9/29/89 for Tommy A. Goff (Column 4 minus amount listed in Column 5 as deductible due to rounding, but not minus offset for SSI benefits paid) | $42,067.10 |
| 2. Total past-due benefits, HC–1 as shown on Form 1129 dated 9/29/89 | $10,486.50 |
| 3. Total past-due benefits, HC–2 as shown on Form 1129 dated 9/29/89 | $10,486.50 |
| TOTAL PAST–DUE BENEFITS | $63,040.10 |
| ONE–FOURTH OF PAST–DUE BENEFITS | $15,760.02 |

balance requested for approval of $7,760.02. The Secretary counters, asserting in the first instance that the $63,040.10 represents a gross amount of benefits which includes both disability insurance benefits and SSI benefits, the latter of which may not be the subject of an attorney's fee award under section 406(b)(1) of the Act.

The record indicates that the amount of $10,888.99 is the amount of attorney's fees withheld (from past-due benefits) for services performed before the agency and this Court.[4] The Secretary points out that excising the total amount of past-due benefits attributable to SSI results in a dollar figure attributable to disability insurance benefits of $55,050.56.[5] If one applies the 25 percent contingent fee amount to $55,050.56, the resulting maximum allowable attorney's fee would be $13,762.64.

On January 19, 1990, the Secretary authorized petitioner to charge the claimant the sum of $5,000 for services rendered before the Social Security Administration (Exhibit 6) and authorized attorney Samuel W. Crabb the sum of $3,000 (Exhibit 7).[6]

## DISCUSSION

The Court starts this discussion by noting that the law with respect to attorney's fees in social security cases is settled. Attorney's fees or disability insurance benefits under 42 U.S.C. § 406(b)(1) are awarded only as provided by the terms of the statute. *Burnett v. Heckler*, 756 F.2d 621 (8th Cir.1985). SSI benefits are not the proper subject of an award under the statute. *Id.* at 627. SSI benefits are the proper subject for an award under the Equal Access to Justice Act (EAJA), 28 U.S.C.

§ 2412, however. *Bowker v. Bowen*, 706 F.Supp. 88, 98 n. 2 (D.Me.1989), citing *Howard v. Bowen*, 823 F.2d 185 (7th Cir.1987).

The amount of retroactive benefits payable for purpose of a court award of attorney's fees pursuant to section 406(b)(1) is the amount of retroactive benefits reduced by the SSI windfall offset. *Burnett*, 756 F.2d at 627. Accordingly, the Court has no authority to order the Secretary to withhold and pay fees for legal services directly to claimant's counsel out of the receipt of SSI benefits. *See also Bowen v. Galbreath*, 485 U.S. 74, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988). These cases set forth the essential distinction between the treatment of attorney's fees awards under Title II (disability insurance benefits claimants) and Title XVI (SSI claimants).

Given the rule, it would ordinarily seem to be a simple matter to then excise the SSI benefits received by claimant Goff ($7,989.54) to arrive at the net benefits of $55,050.56. Applying the 25 percent maximum attorney's fees award under the contingent fee contract, the maximum award allowable would be $13,762.64. If the Court finds such maximum award to be reasonable, the matter would be ended with an approval of such amount. Simply reducing this figure by the $8,000 paid to both attorneys petitioner and Crabb, it would appear that the balance of attorney's fees remaining to be determined would be the resultant figure of $5,762.64. As one will see, that is an oversimplification of the problem before the Court.

In the first instance, this Court has awarded petitioner $2,977.50 attorney's fees, plus sales tax of $178.65, under the

---

**4.** See Exhibits 2, 3, and 4 of petitioner's motion (Docket # 30):

| | |
|---|---|
| Exhibit 2 | $ 5,774.20 |
| Exhibit 3 | $ 2,493.17 |
| Exhibit 4 | $ 2,621.62 |
| | $10,888.99 |

**5.** While the Court is in some doubt as to the complete accuracy of this amount, it has been adopted as accurate by both parties. The total of Title XVI benefits are shown on Exhibit 2 of petitioner's declaration in support of his motion

for allowance of a fee, Column 6, as $8,017.74; on Exhibit 3, Column 6, as $32.26; on Exhibit 4, Column 6, as $32.26, for a total of $8,082.26. $63,040.10 minus $8,082.26 equals $54,957.84 (not $55,050.56). The difference is insignificant and is thereby disregarded.

**6.** In the notification to petitioner, the Secretary offset the $5,000 figure by $3,136.85, which was being held in the attorney's escrow account, resulting in a net balance due of $1,863.15, in full satisfaction of the $5,000 authorized payment.

EAJA. An attorney is not entitled to both EAJA fees and fees allowed under section 406(b)(1). In such a case, the attorney must return to the claimant the lesser of the two fees. *Talbott v. Bowen*, 832 F.2d 111 (8th Cir.1987) (claimant's counsel may receive the maximum of the greater amount found to be reimbursable under the EAJA, or the 25 percent under a contingent fee contract). *See also Cotter v. Bowen*, 879 F.2d 359, 361 n. 2 (8th Cir.1989).

In the second instance, the amount withheld by the Secretary for attorney's fees is $10,888.99 (n.4), which means that there is a shortfall between the $13,762.64 contingent fee contract amount, and the amount withheld, the shortfall amounting to $2,873.65 ($13,762.64 minus $10,888.99 equals $2,873.65). The fact that there has been a shortfall is immaterial to this Court's determination as to the reasonable amount of the fee which should be allowed. While the Secretary cannot pay any more fees than have been withheld, there are procedures implemented for the purpose of addressing "shortfall" problems. *See Bowker v. Bowen*, 706 F.Supp. 88, 89 (D.Me.1989). This Court now must address the issue of the reasonableness of the fee claimed.

■ While a contingent fee contract such as is involved here does not bind the Court in the determination of a fee award, nonetheless, the Court is entitled, indeed instructed, to afford deference to the contract, together with the other factors which the Court must examine to determine the reasonableness of any fee charged.[7]

The various factors set forth in *Rohrich* were amplified further in *Cotter v. Bowen*, 879 F.2d 359, 363 n. 5.[8] Applying the instructional opinion of *Cotter*, and looking at the struggle of claimant Goff to obtain disability and SSI benefits, it is not hard to discern that petitioner was the catalyst which ultimately resulted in the final award of benefits. Of the past-due benefits under Title II of $55,050.56, the maximum "cap" on the reasonable fees is 25 percent under 42 U.S.C. § 406(b)(1). This maximum amount is $13,762.64. Unfortunately, only $10,888.99 has been withheld for the purpose of paying the fee and petitioner may have to wait further for complete compensation.

■ On January 19, 1990, $8,000 was approved by the Secretary for the petitioner and attorney Crabb, thereby leaving $5,762.64 available for a possible award of attorney's fees for court-related services. On October 27, 1988, petitioner requested fees at the rate of $75 per hour for 39.7 hours of time expended in court-related time, which was awarded under the EAJA, plus $178.65, for a total of $3,156.15. The fact that under EAJA, 28 U.S.C. § 2412(d)(2)(A)(ii), fees are limited to $75 per hour does not bind this Court to a similar limitation under section 406(b)(1).

■ Petitioner states in his declaration in support of his motion for determination and allowance of fee that $100 per hour is the rate charged in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Dividing $13,762.64 (contingent fee contract amount) by the number of hours, 55.2

---

7. In determining the reasonableness of the requested fees, federal courts have considered several factors, including: the time reasonably expended; the novelty and difficulty of the case; the level of skill and competence required; the customary fee for like work; and the rights achieved. *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir.1986). In *Rohrich*, the fee requested $9,129.60 ($144 an hour) was reduced to $4,725 ($75 an hour).

8. The twelve factors are:
    (1) the time and labor required;
    (2) the novelty and difficulty of the questions;
    (3) the skill requisite to perform the legal service properly;

    (4) the preclusion of employment by the attorney due to acceptance of the case;
    (5) the customary fee;
    (6) whether the fee is fixed or contingent;
    (7) time limitations imposed by the client or the circumstances;
    (8) the amount involved and the results obtained;
    (9) the experience, reputation, and ability of the attorneys;
    (10) the "undesirability" of the case;
    (11) the nature and length of the professional relationship with the client; and
    (12) awards in similar cases.

(39.7 hours plus 15.5 hours for work since the award) equals $249.32 per hour. The Court finds that such an amount would be unreasonable. A "lodestar" amount of $100 per hour enhanced by a multiplier of 2.0 would equal $11,040, which the Court believes is a reasonable fee under all of the circumstances. The amount would then be recapitulated as follows:

| | |
|---|---|
| Total lodestar amount 55.2 hours | |
| × $100 equals | $ 5,520 |
| × 2.0 (for enhancement) equals | $11,040 |
| Less amount paid petitioner | $ 5,000 |
| Balance of unadjusted fee | $ 6,040 |

Since the maximum under the contingent fee contract is $13,762.64, with $8,000 paid to both counsel, the balance of the contingent fee contract computation is $5,762.64 ($13,762.64 minus $8,000 equals $5,762.64). This then is the maximum remaining for attorney's fees under the contingent fee contract. In setting the fee, the Court has specifically examined the factors set forth in *Cotter* and *Rohrich* and by reason of the fact that the petitioner is experienced in the area of social security claims.[9] His experience permits him to perform his responsibility in representing a claimant with the least amount of time expended, thereby saving his client money. To handle a case such as this from complaint to final conclusion in 39.7 hours is indeed commendable. Petitioner is a sole practitioner who accepts cases only if he can give his clients a full measure of representation, hence the diligent manner in which this case was handled. A lesser experienced counsel could easily have expended twice the amount of time and energy; therefore, the Court has no hesitancy of applying an enhancement figure of 2.0 to a lodestar fee of $100 per hour. The twelve factors set forth in *Cotter* all support such an enhancement. The resultant fee of $11,040 is thereby reasonable. This results in an hourly fee of $200 ($11,040 divided by 55.2).

**9.** *See Holmberg v. Bowen,* 687 F.Supp. 1370, 1375 (D.S.D.1988), where the Court referred to petitioner as representing his client in a most capable, articulate, and imaginable manner.

**ORDER**

Based upon the above and foregoing memorandum opinion, it is

ORDERED that a reasonable attorney's fee allowed to petitioner under 42 U.S.C. § 406(b)(1) is the amount of $11,040.

IT IS FURTHER ORDERED that the maximum available to petitioner by reason of previous payments is $5,762.64. Appropriate adjustment for fees paid under the Equal Access to Justice Act of $2,977.50 results in a net amount due of $2,785.14.

Such characterization also applies in this case. In addition, petitioner has handled nine social security cases before this Court and is always prepared and diligent in his presentations.