**Thomas D. DOROUGH, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 88–0710–B–C.**

United States District Court,
S.D. Alabama, S.D.

Sept. 12, 1991.

ORDER

BUTLER, District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court.

REPORT AND RECOMMENDATION

CASSADY, United States Magistrate Judge.

This cause is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(3) on motion for attorney's fees filed by counsel for plaintiff (hereinafter, petitioner). Upon consideration of all pertinent materials contained in this file, the Magistrate Judge enters the following report and recommendation.

FINDINGS OF FACT

1. Petitioner was retained by plaintiff on April 3, 1989 in connection with his claim for disability insurance benefits and supplemental security income (SSI). Mr. Dorough agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits payable upon successful prosecution of the case.

2. On November 1, 1990, a final decision was entered by the Secretary, directing an award of benefits to the claimant.

3. The Social Security Administration withheld $3,296.87 from plaintiff's past-due disability insurance benefits for the pay-

ment of attorney's fees. Additionally, petitioner has placed in an escrow account twenty-five percent of the past-due supplemental security income benefits to which the plaintiff was adjudged entitled. There is a total of $1,169.37 in the escrow account inasmuch as petitioner has advised the Court that plaintiff has received $4,677.50 from the Administration in past-due SSI benefits.

4. Petitioner was authorized by the Social Security Administration to charge Mr. Dorough $3,296.87, all of the past-due disability benefits withheld, for services rendered before the Administration.

5. Petitioner has submitted to this Court an itemization regarding the time spent before this Court and the Social Security Administration pursuing Dorough's claims. The total time delineated therein is twenty hours, of which time nine (9) hours were spent representing the claimant before this Court.

6. Petitioner requests that this Court approve his collection of monies he has placed in an escrow account (i.e., $1,169.37) for payment of an attorney's fee for the nine hours he spent before this Court representing plaintiff.

## CONCLUSIONS OF LAW

1. Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the successful claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled." [1]

2. Section 406 "does not invalidate all contingent fee arrangements—it merely

1. "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir.1986) (citations omitted); *Burnett v. Heckler*, 756 F.2d 621, 624 (8th Cir.1985).

2. In reaching this conclusion, the Second Circuit relied on the Supreme Court's analysis in

sets their upper limit—and, because such arrangements effectuate congress' objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 370 (2nd Cir.1990).[2]

3. In those cases where a contingent fee agreement exists, the district court, in determining a reasonable fee under § 406(b), must begin with the agreement and may only "reduce the amount called for by the contingency agreement ... when it finds the amount to be unreasonable." 907 F.2d at 371 (citations omitted).

4. A contingency fee arrangement is unreasonable where the contingency percentage is over the twenty-five percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. 907 F.2d at 372.

5. A district court, upon finding that a contingency fee agreement provides for an unreasonable fee, "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

6. A district court has no authority under Title XVI of the Social Security Act to order the Secretary of Health and Human Services to withhold a portion of past-due supplemental security income benefits for the payment of attorney's fees as no such congressional intent is evidenced in the statute. *Bowen v. Galbreath*, 485 U.S. 74, 78–79, 108 S.Ct. 892, 894–95, 99 L.Ed.2d 68 (1988).

*Venegas v. Mitchell*, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990). In *Venegas*, the Court upheld a contingency fee agreement that a civil rights plaintiff, suing under 42 U.S.C. § 1983, entered into with his attorney, even though 42 U.S.C. § 1988 contemplates that district courts will award a reasonable fee and even though the contingent fee exceeded the court's award. 495 U.S. at 87, 110 S.Ct. at 1683.

7. "Although the Secretary does not withhold funds from an award of Title XVI benefits for the payment of attorney's fees, an attorney *may* be able to collect a fee for Title XVI representation directly from his or her client pursuant to their fee agreement." *Motley v. Heckler,* 800 F.2d 1253, 1255 n. 3 (4th Cir.1986).

 8. Considering the foregoing, the Court recommends that the petitioner be authorized to collect from the escrow account that has been set up in Mr. Dorough's name the sum of $1,169.37.

DONE this 30th day of July, 1991.