**Cynthia LAMBERT, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 2:98CV00023.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

March 16, 2000.

---

Robert B. Hines, II, Montgomery, Hines & Fugate, Jonesville, VA, for Plaintiff.

John F. Corcoran, U.S. Attorney's Office, Roanoke, VA, for Defendant.

## OPINION

JONES, District Judge.

In this social security action, I am asked to rule on a motion for attorney's fee.

### I

Cynthia Lambert filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under titles II and XVI of the Social Security Act, 42 U.S.C.A. §§ 401–433, 1381–1383d (West 1991, 1992 & Supp.1999) ("Act").[1] Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

The Commissioner answered the suit, filing the administrative record. The plaintiff then filed a brief in support of her claims. Instead of an answering brief, the Commissioner filed a motion to remand the case for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C.A. § 405(g). The motion was granted and the action remanded.

Upon remand, the plaintiff was successful in obtaining a determination of disability. She received an award of past due benefits under title II(DIB) in the amount of $24,187.00, and an award of past due

1. "Title II is an insurance program. Enacted in 1935, it provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need. Title XVI is a welfare program. Enacted in 1972, it provides SSI benefits to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Bowen v. Galbreath,* 485 U.S. 74, 75, 108 S.Ct. 892, 99 L.Ed.2d 68 (1988). Claimants sometimes have, as here, concurrent title II and title XVI claims.

benefits under title XVI (SSI) in the amount of $7,722.43.

The plaintiff had a written fee agreement with her attorney providing for a contingent fee of twenty-five percent of any past due benefits awarded. The Commissioner withheld twenty-five percent of the plaintiff's title II past due benefits award, or $6,046.75, for the attorney's fee. In addition, the attorney himself collected twenty-five percent of the title XVI award from the plaintiff, or $1,930.50, and deposited it in a trust account.

The attorney filed a fee petition with the Social Security Administration seeking a total fee of $7,977.25, representing twenty-five percent of the total past due award, including the amounts awarded under both title II and title XVI. On September 24, 1999, an administrative law judge awarded a fee of $5,000.00.[2] Thereafter, the attorney for the plaintiff filed the present motion, seeking approval of a additional fee of $2,977.25, representing the difference between the amount of fee approved by the Social Security Administration and twenty-five percent of the total past due benefits.

## II

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee ... not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled...." 42 U.S.C.A. § 406(b)(1)(A) (West Supp.1999). The Fourth Circuit, construing the legislative history, has held that the twenty-five percent limit includes the fee previously authorized for services rendered in the administrative proceedings. *See Morris v. Social Sec. Admin.,* 689 F.2d 495, 497 (4th Cir.1982).

The Fourth Circuit has also held that a district court, in determining a fee under section 406(b)(1), cannot ascribe to the statute, or to any contingency fee contract that may have been entered into between the attorney and his client, a presumption that twenty-five percent of the past-due benefits is a reasonable fee. *See Craig v. Secretary, Dep't of Health & Human Servs.,* 864 F.2d 324, 327 (4th Cir.1989). Indeed, in *Craig* the Fourth Circuit reversed the district court's approval of a fee similar to that requested here, based on the difference between the fee awarded administratively and twenty-five percent of the past-due benefits. The court held that it was necessary to use the so-called "lodestar" method of fee determination, whereby a reasonable hourly rate is fixed, which may be enhanced on the basis of the contingent nature of the fee, among other things. *See id.* at 327–28.[3]

■ Accordingly, I must consider the fee request under the traditional factors as set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *See Blankenship v. Schweiker,* 676 F.2d 116, 117 (4th Cir.1982). The fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

In the present case, the petitioner has not supplied any evidence other than the itemized time spent in the proceedings in this court. The Commissioner suggests that $150 per hour would be a proper fee. This court has allowed such an hourly rate in other recent social security cases. *See, e.g., Roland v. Apfel,* No. 94–0053–A (W.D.Va. Sept. 2, 1998) (Sargent, J.)

---

**2.** This court does not have subject matter jurisdiction to review the reasonableness of the award of attorneys' fees by the Social Security Administration. *See Smith v. Bowen,* 656 F.Supp. 648, 651 (W.D.Va.1987), *aff'd,* No. 87–2075, 1988 WL 21212 (4th Cir. Mar. 8, 1988) (unpublished).

**3.** The use of the lodestar method in social security cases has been criticized and is not followed by all circuits. *See* M. Wade Baugh-

man, *Reasonable Attorney's Fees Under the Social Security Act: The Case for Contingency Agreements,* 1997 U. Ill. L.Rev. 253, 256, 268–69 (1997). It is, however, the majority view. *See id.* at 256. Under the minority view, a percentage fee is used as the starting point and adjusted downward if necessary, depending upon the facts of the particular case. *See Spodnick v. Chater,* No. 93–CV–304–J, 1997 WL 104940 at *3–*4 (N.D.Okla. Jan. 14, 1997).

■ Under these circumstances, I find that taking into account all of the relevant factors, including the contingency risk inherent in social security disability cases, a fee of $150 per hour is proper. The petitioner's time records show that he spent 11.25 hours in court activities, and no objection is made to the reasonableness of this time claimed. I will thus award a total fee of $1,687.50 for the petitioner's services in this court.

## III

While the social security regulations require approval of the attorney's fee in connection with services provided in the administrative proceedings in both title II and title XVI claims, *see* 20 C.F.R. §§ 404.1720(b)(2), 416.1520(b)(2) (1999); *Motley v. Heckler,* 800 F.2d 1253, 1255 n. 3 (4th Cir.1986), the Act authorizes approval of an attorney's fee for representation before the court "under this subchapter," meaning title II. *See* 42 U.S.C.A. § 406(b)(1)(A); *Bowen v. Galbreath,* 485 U.S. at 76–79, 108 S.Ct. 892 (holding that court has no inherent power to direct withholding of attorney's fee in title XVI social security case).

■ Accordingly, I am not in a position to approve a fee for the petitioner's handling of the title XVI claim in this court. *See Franklin v. Secretary of Health & Human Servs.,* 525 F.Supp. 398, 399 (E.D.Mich.1981) ("Title XVI of the Act does not provide for court approval of attorney fee petitions in connection with an award of Supplemental Security Income benefits.").

■ Since the social security regulations expressly do not permit the Social Security Administration to consider the services rendered in a court proceeding in approving a fee, *see* 20 C.F.R. § 416.1528 (1999), I do not see why the petitioner here cannot rely solely upon his fee agreement with his client in determining any additional fee to be charged for representation in the title XVI claim in this court, so long as it does not exceed the twenty-five percent maximum provided in the agreement.

## IV

For the foregoing reasons, a judgment will be entered awarding the plaintiff's attorney a fee of $1,687.50.