United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50528
Summary Calendar

HENRY L. HERNANDEZ,

                                        Plaintiff-Appellant,

versus

Jo ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-349-SS
--------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Henry Lara Hernandez appeals the district court's denial
of attorney fees in this Social Security case.  See 28 U.S.C.
§ 2412(d).  Hernandez obtained a remand from the district court
for additional administrative proceedings on his claim for
Supplemental Security Income (SSI)under Title XVI of the Social
Security Act because the Administrative Law Judge did not
explicitly find that Hernandez could maintain the employment for
which he was otherwise qualified.  See Watson v. Barnhart,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

288 F.3d 212 (5th Cir. 2002) (remanding for finding on ability to maintain employment).

The district court did not abuse its discretion by denying fees. See Pierce v. Underwood, 487 U.S. 552, 562-63 (1988). The position taken by the Commissioner of Social Security in opposition to remand was reasonable and therefore "substantially justified" so that no fee award is warranted. See 28 U.S.C. § 2412(d)(1)(A); see also Dunbar v. Barnhart, 223 F. Supp. 2d 795, 796 (W.D. Tex. 2002) (reasoning that Watson does not mandate reversal every time Commissioner fails to make explicit finding on ability to maintain employment), aff'd, 330 F.3d 670 (5th Cir. 2003). Hernandez shows no other basis for awarding fees nor for ordering that fees be withheld from a possible future SSI award. See 42 U.S.C. § 406; Bowen v. Galbreath, 485 U.S. 74, 76-78 (1988).

The decision of the district court is AFFIRMED.