NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0512n.06
Filed: July 20, 2006

No. 05-6319

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARY G. NAPIER and WOLODYMYR CYBRIWSKY, HER ATTORNEY, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant-Appellee. | ) | |

Before: MERRITT and GIBBONS, Circuit Judges; O'MEARA, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Wolodymyr Cybriwsky appeals the district court's denial of his motion for attorney's fees under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq*.[1] In 2002, Mary Napier filed a complaint in federal district court, appealing the denial

---

[*] The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] The roles of the parties in this case require a brief explanation. Mary Napier was Mr. Cybriwsky's client and the claimant for additional Social Security benefits under Title XVI of the Act. Cybriwsky is seeking approval from the Commissioner of Social Security ("Commissioner") for an award of fees on the basis of Napier's successful claim. The Commissioner, though, has no direct financial stake in the outcome of the case; rather, she plays a role in the fee determination resembling that of a trustee for Napier. *See Gisbrecht v. Barnhardt*, 535 U.S. 789, 798 n.6 (2002) (describing a similar situation).

1

of her claim for Supplemental Security Income ("SSI") by the Commissioner of Social Security ("Commissioner"). She requested SSI benefits because of an alleged disability, pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* The district court reversed and remanded the Commissioner's decision for further consideration. On remand, an administrative law judge found for Napier on her SSI claim. This decision was filed on July 21, 2004. Cybriwsky represented Napier in the district court but not at the administrative hearing after remand.

In March 2005, Cybriwsky filed a motion for attorney's fees because of the favorable result obtained on the SSI claim. After briefing by both Cybriwsky and the Commissioner, the district court denied the motion, finding that Napier was awarded benefits under Title XVI of the Act, which did not have an attorney's fees provision at the time of the favorable decision. After the district court denied Cybriwsky's motion for reconsideration, Cybriwsky filed a timely appeal. This court reviews a denial of attorney's fees for an abuse of discretion. *See Cramblit v. Fikse*, 33 F.3d 633, 634 (6th Cir. 1994).

Cybriwsky initially brought his claim for attorney's fees pursuant to 42 U.S.C. § 406(b). This provision covers only attorneys whose clients bring successful claims under Title II of the Social Security Act. *See id.* § 406(b)(1)(A). Napier's benefits were awarded pursuant to Title XVI of the Act. Title II is an insurance program and provides benefits to insured individuals regardless of need. *Id.* § 402. Title XVI is a welfare program and provides benefits to financially-needy individuals who suffer from a disability. *Id.* § 1382(a). As the Supreme Court has held, the two parts of the Act are distinct, and attorney's fees cannot be awarded pursuant to § 406(b) for successful Section XVI claims. *Bowen v. Galbreath*, 485 U.S. 74, 79 (1988). Thus, Cybriwsky's claim under § 406(b) is denied.

2

Cybriwsky also modified his claim, however, to allege that he should be granted attorney's fees pursuant to 42 U.S.C. § 1383(d)(2), which was recently amended to permit the award of attorney's fees for successful claims under Title XVI. *See* Social Security Protection Act of 2004 ("SSPA"), Pub. L. No. 108-203, § 302(a), 118 Stat. 493 (2004). The amended statute incorporates § 406(b) by reference and applies in largely the same manner. *Id.*; *see also* 42 U.S.C. § 1383(d)(2). The statute only applies, however, to favorable judgments obtained <u>after</u> the effective date of the statute, which was February 28, 2005.[2] *See* SSPA, § 302(c) ("The amendments made by this section shall apply with respect to fees for representation of claimants which are first required to be paid . . . on or after [the effective date]."). The ALJ issued the favorable judgment to Napier on July 21, 2004. Thus, Cybriwsky has no claim for attorney's fees under § 1383(d)(2).

Cybriwsky makes three arguments as to why § 1383(d)(2) should be applied in this case. First, because he did not file his motion for attorney's fees until March 2005 – after the effective date of the statute – he asserts that his claim falls under the statute's protections. The language of the statute does not support this argument. The statute plainly refers to the date of the judgment, not the date on which an attorney files a request for fees. Adopting Cybriwsky's interpretation would permit any attorney who had won a claim under Title XVI at any time but who had not yet requested attorney's fees to do so now. Clearly, this was not Congress's intent when it made the statute prospective only. Second, Cybriwsky claims that he was not notified in writing of the favorable decision until March 15, 2005, again after the effective date of the statute. He does admit, however, that he received oral notification in December 2004, and in any event, the date he was notified of

_____

[2] The statute took effect after the Commissioner provided to each House of Congress written notice of completion of a related program. *See* SSPA § 302(c). The Commissioner provided this notice on February 28, 2005. *See* Notice Announcing Implementation of Sections 302 and 303 of the Social Security Protection Act of 2004, 70 Fed. Reg. 14490 (March 22, 2005).

3

the judgment is not relevant under the statute. Finally, Cybriwsky asserts that without authorization from the court, he is precluded from recovering any fees for his work. This argument mischaracterizes the ruling of the district court and our holding today. We hold simply that the Commissioner was not required to withhold any portion of the judgment awarded Napier for the payment of attorney's fees, as is now required by § 1383(d)(2). As a result, Napier was paid the full amount of the judgment awarded. Cybriwsky may be entitled to payment for his services, but if he has any claim, it is against Napier and not the Commissioner. There is no provision of the Social Security Act that provides Cybriwsky any relief against the Commissioner. For this reason, we affirm the district court's denial of his claim.